Habold Babe, J.
This is a motion for summary judgment (Buies Civ. Prac., rule 113), brought by defendants, British Overseas Airways Corporation and Seaboard and Western Airlines, Inc. The third defendant, American Airlines, Inc. is not a party to the motion.
The plaintiff has brought the action for loss suffered by reason of failure to deliver 185 Bhesus monkeys which were to be transported from India to this country. The original cargo consisted of 75 cages containing 900 live animals. Upon arrival in Detroit, Michigan there were 715. While there is a report estimating the approximate loss suffered while the animals were in the hands of the respective carriers, there is no evidence before the court except with respect to the total loss of 185 animals by all three carriers.
The cargo was transported from the consignor, Exotictrade, by defendant British Overseas Airways Corporation from Calcutta, India to London, England; by Seaboard and Western Airlines from London, England to New York, N. Y.; and from New York to Detroit, Michigan by American Airlines. The issue is whether or not the Warsaw Convention (49 U. S. Stat.-pt. 2, 3000 et seq.) governed this shipment. If it does, then the moving defendants contend that this plaintiff may not bring suit as the air waybills show the consignee to be “ Universal Transcontinental Foreign Service, 345 Hudson Street, New York 14, New York, U. S. A.” Further, they contend that under the Warsaw Convention written notice of claim must be given to the carrier within seven days from date of receipt of goods. Finally, in considering the question of notice of claim the parties differ as to whether this is a damage claim or a claim for partial loss of cargo. If the latter, plaintiff contends the claim comes under a different provision for notice than a damage claim does under the Warsaw Convention.
There is no doubt that this being a transportation of freight by air between two countries which are both High Contracting Parties to the Warsaw Convention its provisions govern the rights of the parties (Warsaw Convention, art. 1; Garcia v. Pan American Airways, 183 Misc. 258, affd. 269 App. Div. 287, affd. 295 N. Y. 852; Yyman v. Pan American Airways, 181 Misc. 963, affd. 267 App. Div. 947, affd. 293 N. Y. 878, cert, denied 324 U. S. 882).
Under the Warsaw Convention the right to bring suit is in the consignor or consignee (arts. 12-15, 30). The cases cited by defendants (Holser Watch Co. v. Seaboard & Western Airlines, N. Y. L. J., Nov. 4,1957, p. 6, col. 6; Manhattan Novelty Corp. v. Seaboard & Western Airlines, N. Y. L. J., Jan. 25, 1957, p. 6, *813 col. 7) are not determinative of plaintiff’s right to bring action. The facts in those cases differ from the case at bar in one important respect. The consignee was the customs broker and the plaintiff’s name does not appear on the air waybill. The carrier was not on notice that the plaintiff in those cases was the real party in interest. In the instant case, the air waybill of both of the moving defendants mentions this plaintiff. Immediately following the name of the customer broker there appears, “ a/c Parke Davis & Co., Detroit, Michigan”. Furthermore, due to the necessity of having the shipment passed by United States Customs and the United States Public Health Service, it was incumbent upon the real party in interest, Parke, Davis and Company, to have the customs broker in New York, where the shipments first landed in this country, arrange these details. All three carriers participated in the transportation from Calcutta, India to Detroit, Michigan. It is of no consequence that separate air waybills were issued or that the last leg of the journey was wholly within the United States of America (art. 1, subd. 3).
However, in one breath plaintiff cannot take advantage of the Warsaw Convention and in the next be excused from its provisions. If this was a transcontinental shipment and if plaintiff was the consignee, plaintiff must be governed by the provisions for filing a claim within seven days after receipt of the merchandise (arts. 18, 24, 26). There is no validity to the claim by plaintiff that this was a partial loss and not a damage claim. Even treated as a partial loss, there is little consolation to the plaintiff. The reference to page 286 of Goedhuis on “ National Airlegislations and the Warsaw Convention ”, is a reference to a ‘ ‘ desirable ’’modification to the Convention. Even that change suggested by the author, to subdivision 2 of article 26 would give a claimant only seven days from the date of receipt of goods to make complaint. The provisions of the Convention for total loss would seem to extend the time in which to file claim to an additional seven days (“ after the date on which they ought to have arrived”, art. 13, subd. 3). The plaintiff did receive the merchandise on the 9th day of February, 1955 and had ample opportunity to examine the merchandise delivered and notice whether or not there was a partial loss or damage to the merchandise. Under the Warsaw Convention the damage claim must be filed within seven days (art. 26), or a claim for loss must be filed within an additional seven days (art. 13). In no event could the filing of a claim on March 28, 1955 (date of p.1 aim by plaintiff with American Airlines, Inc.), approximately 47 days after receipt of the goods, be considered timely.
*814 Other matters, such as the propriety of filing the claim with the last carrier instead of with one of the moving defendants, and the limitation in the amount of damages need not be discussed
Motion to dismiss complaint as against the moving defendants is granted.