**BUTLER'S SHOE CORPORATION,**
Appellant,

v.

**PAN AMERICAN WORLD AIRWAYS,**
**INC., Appellee.**

No. 74–2818.

United States Court of Appeals,
Fifth Circuit.

June 20, 1975.

Rehearing Denied July 28, 1975.

---

H. Fred Gober, Atlanta, Ga., for appellant.

H. Sanders Carter, Jr., Ben Kingree, III, Atlanta, Ga., for appellee.

Before GIBSON,* THORNBERRY and AINSWORTH, Circuit Judges.

GIBSON, Circuit Judge.

Plaintiff, Butler's Shoe Corp., appeals from a grant of summary judgment in favor of defendant, Pan American World Airways, Inc., on its $14,391 claim for lost goods. The goods, 4,428 pairs of women's boots, were to have been transported from Rio De Janeiro, Brazil, to New York City pursuant to an air waybill issued September 10, 1971, by Pan Am. For reasons unknown but immaterial to this case, the goods were never received by Butler's although it paid for the goods by irrevocable letter of credit upon receipt of the shipping documents which included a copy of the air waybill.

The dispute herein concerns the efficacy of a 120-day limitation period for filing a written claim for loss of goods contained in Pan Am's tariff filed with the Civil Aeronautics Board [1] when tested against provisions of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 29, 1934, 49 Stat. 3000, T.S. 876, commonly known as the Warsaw Convention, and which is applicable to this international shipment of goods.

■ Butler's contends that the 120-day notice provision of Pan Am's tariff contravenes Article 23 of the Warsaw Convention which provides:

Any provision tending to relieve the carrier of liability or to fix a lower limit than that which is laid down in this convention shall be null and void * * *

It is argued that since failure to file a written claim within 120 days bars recovery, the tariff provision "tends to relieve the carrier of liability." The District Court rejected this argument. Alternatively, it held that Butler's argument amounted to an attack upon the validity of Pan Am's tariff which must be made before the CAB. We are in

---

* Of the Eighth Circuit, sitting by designation.

1. Pan Am's Local and Joint Air Cargo Rules Tariff No. CR–3, CAB No. 193, in effect at the time of this shipment provided:

    RULE 16. TIME LIMITATIONS ON CLAIMS AND ACTIONS
      *   *   *   *   *   *
    (B) No action shall be maintained in the case of damage to or partial loss of cargo unless a written notice, sufficiently describing the cargo concerned, the approximate date of the damage, and the details of the claim is presented to an office of Carrier within 7 days from the date of the receipt thereof, in the case of delay unless presented within 14 days from the date the cargo is placed at the disposal of the person entitled to delivery of the consignment, and in the case of loss (including non-delivery) unless presented within 120 days from the date of issue of the air waybill.

agreement with the District Court that there is no conflict between the Warsaw Convention and the tariff provision. Since Butler's admits its failure to file a written notice within 120 days, it cannot recover. However, we do not understand Butler's argument to be an attack upon the reasonableness of the tariff, an attack which we would agree should first be made before the CAB. Twentieth Century Delivery Service v. St. Paul Fire & Marine Ins. Co., 242 F.2d 292, 301–02 (9th Cir. 1957); Lichten v. Eastern Airlines, 189 F.2d 939, 941 (2d Cir. 1951); see, Boston & Maine R.R. v. Hooker, 233 U.S. 97, 121, 34 S.Ct. 526, 58 L.Ed. 868 (1914); Texas & Pac. Ry. v. Abilene Cotton Oil Co., 204 U.S. 426, 448, 27 S.Ct. 350, 51 L.Ed. 553 (1907).

■ The question presented is the asserted conflict between the filed tariff and the Warsaw Convention, which being a treaty duly entered into, is the supreme law of the land. U.S.Const. art. VI. Interpretation of the provisions of the Warsaw Convention is a matter properly before the courts without initial resort to the CAB. Cf. Molitch v. Irish International Airlines, 436 F.2d 42 (2d Cir. 1970); Lisi v. Alitalia-Linee Aeree Italiane, S.p.A., 370 F.2d 508 (2d Cir. 1966), aff'd by an equally divided court, 390 U.S. 455, 88 S.Ct. 1193, 20 L.Ed.2d 27 (1968).

■ We cannot agree that the 120-day notice provision is one "tending to relieve the carrier of liability." Although it may operate to bar recovery, we do not believe that it is properly considered a limitation on liability within the in-

tendment of the Convention. In Warsaw Convention cases, limitation periods imposed by the Convention or by contract have not been held to be provisions limiting or excluding liability. See Molitch v. Irish International Airlines, supra, 436 F.2d at 43–44; Indemnity Ins. Co. of North America v. Pan American Airways, Inc., 58 F.Supp. 338 (S.D.N.Y. 1944); Crosby & Co. v. Compagnie Nationale Air France, 76 Misc.2d 990, 352 N.Y.S.2d 75 (Sup.Ct.), aff'd 42 A.D.2d 1050, 348 N.Y.S.2d 957 (Sup.Ct.App.Div. 1973); Sheldon v. Pan American Airways, Inc., 272 App.Div. 1000, 74 N.Y. S.2d 267 (Sup.Ct.1947). See generally Annot., 13 A.L.R.2d 337 (1950).

■ Rather, the provisions of Article 23 nullifying limitations not laid down in the Convention have been considered to refer to Articles 20 and 22 which limit the carrier's liability and the amount of damages recoverable under the Convention. Molitch v. Irish International Airlines, supra; Lisi v. Alitalia-Linee Aeree Italiane, S.p.A., supra. The Pan Am tariff regulation does not attempt to limit the amount of damages recoverable for loss or impose a standard of liability higher than contained in the Convention and therefore does not conflict with Article 23. Tariff regulations on matters not covered by the Convention [2] are authorized by Article 33 of the Convention.[3]

The shipment was covered by the Warsaw Convention, there is no conflict between the tariff provision and the Convention, and no dispute that Butler's

---

**2.** It was indicated in Parke, Davis & Co. v. British Overseas Airways Corp., 11 Misc.2d 811, 170 N.Y.S.2d 385 (N.Y. City Ct. 1958), that the Warsaw Convention provisions for total loss "would seem to extend the time in which to file a claim to an additional seven days ('after the date on which they ought to have arrived', Article 13, Subdivision 3)." 170 N.Y.S.2d at 388. The Convention was thus interpreted to require a written claim for loss within 14 days; a written claim filed 47 days after receipt of a portion of the goods was considered untimely and barred recovery. No mention was made of tariff regulations.

In the present case all parties agree that the Convention does not directly cover a lost ship-

ment of goods and the case has been briefed and argued on the question of the validity of the tariff regulation. We thus intimate no view as to the soundness of the conclusion in Parke, Davis.

**3.** Article 33 of the Warsaw Convention provides:

Nothing contained in this convention shall prevent the carrier either from refusing to enter into any contract of transportation or from making regulations which do not conflict with the provisions of this convention.

did not give written notice within the 120 days provided in the tariff; thus, summary judgment for Pan Am was properly granted. The judgment of the District Court is affirmed.