**GENSPLIT FINANCE CORPORATION,
A Wisconsin corporation, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS,
INC., a New York corporation,
Defendant.**

No. 81–C–1105.

United States District Court,
E.D. Wisconsin.

March 15, 1984.

Thomas A. Merkle, Smith & O'Neil, Milwaukee, Wis., for plaintiff.

Daniel R. Doucette, Kluwin, Dunphy & Hankin, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court are the parties' cross motions for summary judgment. For the reasons discussed below, the Court is persuaded that plaintiff's claim in this action is barred by defendant's tariff Rule 23(b) (Cargo Rules Tariff No. CR–3) filed with Civil Aeronautics Board (C.A.B.) pursuant to 49 U.S.C. § 1301, *et seq.*

## FACTUAL BACKGROUND

Plaintiff, Gensplit Finance Corporation ("Gensplit"), is engaged in the financing of import and export shipments. In September of 1979, Gensplit purchased the right to collect the price plus charges and profits on three shipments from D.E.C. Western Distributors, Inc. ("D.E.C.") for $117,568.73. D.E.C. had previously arranged for the shipments to be made to Corporacion Intercontinental, C.A., located in Caracas Venezula, through the Roland Thompson Agency ("Thompson"). For purposes of this

motion, it is undisputed that Thompson had actual or apparent authority to act on behalf of defendant, Pan American, as an international air transport agent.

On the 5th, 7th, and 10th of September 1979, Thompson executed three Pan American air waybills to cover each of the three shipments to be made to Corporacion Intercontinental. It was upon these air waybills that plaintiff relied in advancing the $117,568.73 to D.E.C. These documents, in accordance with Venezuelan regulations,[1] were non-negotiable, straight air waybills.

The three shipments apparently never arrived, and plaintiff commenced this action alleging the liability of Pan American for damages caused by plaintiff's detrimental reliance upon the air waybills, the fraud of defendant's agent, Thompson, or the negligence of Pan American. In its answer, defendant maintains that plaintiff's claim is barred for failure to give timely written notice of its claim to Pan American, that plaintiff is not a proper party to maintain this action, and that plaintiff is unable to prove any element necessary to maintain its claim.

Defendant relies upon the three defenses outlined above to support its motion for summary judgment. As already noted, the first of these defenses is sufficient to dispose of this action.

## DISCUSSION

The parties have argued at length over which law should govern the disposition of this action. The defendant argues that this case is controlled exclusively by the Warsaw Convention (*see* addendum to 49 U.S. C.A. § 1502) and the Federal Aviation Act of 1958 ("FAA of 1958"), 49 U.S.C. §§ 1301 *et seq.* The plaintiff, on the other hand, contends that the Federal Bill of Lading Act ("FBLA"), 49 U.S.C. §§ 81 *et seq.,* should control.

■ The Court is persuaded, however, that such sparring is unnecessary. First,

the Warsaw Convention contemplates that an action under the FBLA may be maintained against a carrier covered by its terms. Article 24 provides, in part, that "any action for damages, *however founded,* can only be brought subject to the conditions and limits" of the Convention (emphasis added). *See Tokio Maine & Fire Ins. v. McDonnell Douglas Corp.,* 617 F.2d 936, 942 (2nd Cir.1980). Therefore, the fact that the Warsaw Convention applies to this case does not preclude a claim founded on the FBLA.

■ Second, if the FAA of 1958 applies here, plaintiff must be subject to its terms by operation of the FBLA. It is undisputed that the air waybills at issue here were non-negotiable, straight bills. *See* 49 U.S.C. § 82. Plaintiff, as transferee of D.E.C.'s rights under such straight bills, is subject to the same limits on the exercise of those rights as D.E.C. *See* 49 U.S.C. § 109; *G.A.C. Commercial Corporation v. Wilson,* 271 F.Supp. 242, 246 (S.D.N.Y. 1967). One source of limitation upon D.E. C.'s rights is defendant's tariffs filed with the C.A.B. pursuant to 49 U.S.C. § 1373(a), irrespective of D.E.C.'s actual knowledge of the contents of those tariffs. *Crosby & Co., Inc. v. Compagnie Nationale Air France,* 352 N.Y.S.2d 75, 83, 76 Misc.2d 990, *aff'd,* 348 N.Y.S.2d 957, 42 App.Div.2d 1050 (1973), *cert. denied,* 416 U.S. 986, 94 S.Ct. 2390, 40 L.Ed.2d 763 (1974); *Mao v. Eastern Air Lines, Inc.,* 310 F.Supp. 844, 846 (S.D.N.Y.1970). Thus, plaintiff may maintain an action based on the FBLA, but subject in this case to the FAA of 1958 and Pan American's tariffs filed thereunder.

■ The Court's conclusions regarding the applicable law form the basis for an expeditious disposition of plaintiff's claims. Pan American's tariffs, on file with the C.A.B. in September of 1979, provided in part:

---

1. Plaintiff contends that the Court should consider its inability to insist on an order or negotiable bill in deciding the pending motions. The Court opines that such an argument is best

directed to the Venezuelan government, although the Court appreciates the difficulty the Venezuelan regulation may present for the financing of exports to that country.

No action shall be maintained in the case of damage or partial loss of cargo unless a written notice, sufficiently describing the cargo concerned, ... and the details of the claim is presented to an office of the Carrier ... and in the case of loss (including non-delivery) unless presented within 120 days from the date of issue of the air waybill. Cargo Rules Tariff No. CR-3, Rule 23(B).

It is undisputed that no such notice of claim was ever presented to an office of Pan American. As noted above, plaintiff is subject to such tariff by reason of 49 U.S.C. § 109, and, therefore, its failure to give the required notice precludes it from maintaining the present action.[2] *See Crosby & Co., supra* 352 N.Y.S.2d at 83–84; *G.A.C. Commercial Corporation, supra* at 246.

To summarize, Gensplit brought this action as transferee of D.E.C.'s rights under a straight bill of lading. As such its action was subject to the same limitations as those applicable to D.E.C., including Pan American's tariffs. Because Gensplit failed to give notice to Pan American of its claim within 120 days from issue of the air waybills as required by tariff, it cannot now maintain this action.

Accordingly, the Court hereby GRANTS the defendant's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure and DENIES plaintiff's motion for summary judgment.

---

**2.** Plaintiff claims that the 120-day limitation incorporated in the tariff violates Article 25 of the Warsaw Convention. Such a claim was considered and dismissed by the Fifth Circuit Court of Appeals in *Butler's Shoe Corporation v. Pan American World Airways, Inc.,* 514 F.2d 1283 (5th Cir.1975). Plaintiff makes no attempt to distinguish *Butler's Shoe* from this case, and the Court is persuaded that it should control here.