**HEWLETT KNITTING MILLS, INC., Appellant,**

v.

**FLYING TIGER LINE, INC., Appellee.**

**No. 05–83–00259–CV.**

Court of Appeals of Texas, Dallas.

April 3, 1984.

---

Richard D. Pullman, Connie Jobe, Dallas, for appellant.

Reagan M. Brown, Houston, for appellee.

Before STOREY, STEPHENS and WHITHAM, JJ.

WHITHAM, Justice.

Appellant, Hewlett Knitting Mills, Inc., seeks contract damages against appellee, Flying Tiger Line, Inc., for delay in airline shipment of Hewlett's goods by Flying Tiger. Both parties agree that the provisions of the Warsaw Convention, a Convention for the Unification of Certain Rules Relating to International Transportation by Air, *opened for signature* October 12, 1929, 49 Stat. 3000–3026, T.S. No. 876, 137 L.N.T.S. 11, *reprinted at* 49 U.S.C. § 1502 (1976), apply to the present case. The dispute centers on Hewlett's admitted failure to give Flying Tiger fourteen days written notice of claim required by Article 26 of the Convention. The trial court rendered summary judgment in favor of Flying Tiger. We conclude that Hewlett failed to refute Flying Tiger's affirmative defense of lack of notice of claim. Accordingly, we affirm.

Article 26 of the Warsaw Convention provides in part:

(2) In case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and at the latest, within 3 days from the date of receipt in the case of baggage and 7 days from the date of receipt in the case of goods. *In case of delay the complaint must be made at the latest within 14 days from the date on which the baggage or goods have been placed at his disposal.*

(3) Every complaint must be made *in writing* upon the document of transportation or by separate notice in writing dispatched within the times aforesaid.

(4) Failing complaint within the times aforesaid, *no action shall lie against the carrier,* save in the case of fraud on his part. (emphasis added).

■ On motion for summary judgment Flying Tiger established that Hewlett failed to comply with the fourteen day written notice of claim provision of Article 26 applicable to delay. Hewlett concedes its failure. Thus, Flying Tiger's proof established its affirmative defense of lack of written notice of claim as a matter of law. In its brief, Hewlett advanced three contentions to overcome Flying Tiger's affirmative defense. Hewlett's primary contention was that the air waybills do not meet all of the requirements of Article 8 of the Convention, thus invoking the provisions of Article 9. Hewlett also contended that Article 13(3) of the Convention permits Hewlett to maintain an action against Flying Tiger without filing a written notice. Hewlett further contended that there was a question of fact with respect to whether Flying Tiger committed wilful misconduct under Article 25 of the Convention. At oral argument, Hewlett waived its wilful misconduct argument.

*Hewlett's Articles 8 and 9 Argument*

Article 8 of the Convention provides that an air waybill shall contain certain information regarding the transportation of goods. Article 9 provides that if the air waybill does not contain all of the particulars set out in Article 8(a) through (i), inclusive, and (q), the carrier shall not be entitled to avail himself of the provisions of the Convention that "exclude or limit" his liability. Hewlett asserts that the notice provision of Article 26 is one excluding or limiting liability within the meaning of Article 9. For the purposes of this opinion we assume, but do not decide, that the air waybill does not contain all of the particulars set out in Article 8(a) through (i), inclusive, and (q). Thus, we reach the meaning of the phrase

"exclude or limit liability" as used in Article 9. The term "exclude or limit liability" is contained in several provisions of the Convention. Articles 3(2), 4(4), and 9 preclude the carrier from relying on provisions that exclude or limit liability if the carrier's ticket, baggage check or air waybill does not contain certain information. Article 25 prevents the carrier from excluding or limiting liability if the carrier is guilty of wilful misconduct. Article 23 declares null and void any provision tending to relieve the carrier of liability. The courts that have interpreted the "exclude or limit liability" provisions have limited their application to Articles 20 and 22 of the Convention. *See e.g., Butler's Shoe Corp. v. Pan American World Airways, Inc.,* 514 F.2d 1283, 1285 (5th Cir.1975); *Molitch v. Irish International Airlines,* 436 F.2d 42, 44, n. 1 (2d Cir.1970); *Lewin v. Air Jamaica,* 55 A.D.2d 541, 389 N.Y.S.2d 793 (1976). Articles 20 and 22 are not applicable to the present case.

■ In Warsaw Convention cases *limitation periods* imposed by the convention or by contract have not been held to be provisions limiting or excluding liability. *Butler's Shoe Corp.,* 514 F.2d at 1285. In a scholarly opinion, a United States district court addressed the question before this court and held that Article 26 *notice* requirements are not provisions excluding or limiting liability within the meaning of Article 9. *See Denby v. Seaboard World Airlines, Inc.,* 575 F.Supp. 1134 (E.D.N.Y. 1983). We see no need to extend this opinion by repeating or attempting to summarize the reasoning in *Denby.* We adopt the court's holding in *Denby.*

Analysis of [cases cited] leads to the conclusion that the Article 26 notice provision is not one excluding or limiting liability within the meaning of Article 9. The exclusions and limitations referred to in Article 9 are directed exclusively to those provisions of the Convention expressly limiting the carrier's liability and the amount of damage a shipper may recover. *See Wexler v. Eastern Air-*

*lines,* 18 Avi. 17, 155, 17, 158 (D.C.Super. Ct.1982); Treaty Articles 20 & 22. 575 F.Supp. at 1145. Accordingly, we hold that the notice provision of Article 26 does not "exclude or limit liability" within the meaning of Article 9. It follows, and we so hold, that Articles 8 and 9 do not apply to defeat Flying Tiger's notice of claim defense as a matter of law.

### *Hewlett's Article 13(3) Argument*

■ Article 13(3) of the Convention provides:

If the carrier admits the loss of the goods, or if the goods have not arrived at the expiration of seven days after the date on which they ought to have arrived, the consignee shall be entitled to put into force against the carrier the rights which flow from the contract of transportation.

Hewlett argues that Article 13(3) does not require notice to the carrier if the goods have not arrived at the expiration of seven days after the date on which they ought to have arrived. For the purposes of this opinion we assume, but do not decide, that Hewlett's goods did not arrive at the expiration of seven days after the date on which they ought to have arrived. We disagree, however, with Hewlett's contention. Hewlett does not allege lost goods. Hewlett admits it received the goods but complains of delay in shipment. We hold that Article 13(3) applies to goods which are lost or destroyed as distinguished from damaged or delayed goods referred to in Article 26. Article 13(3) "only will apply ... if it concerns a loss or a total destruction." *Dalton v. Delta Airlines, Inc.,* 570 F.2d 1244, 1246 (5th Cir.1978). Accordingly, we hold further that Article 13(3) does not apply to defeat Flying Tiger's notice of claim defense as a matter of law.

■ Since Hewlett failed to overcome Flying Tiger's notice of claim defense as a matter of law, we conclude that the trial court did not err in granting Flying Tiger's motion for summary judgment. Accordingly, the judgment of the trial court is affirmed.