OPINION OF THE COURT
Richard S. Lane, J.
In this action for breach of contract of carriage by international air, defendant seeks summary judgment dismissing the complaint for failure to file a timely written notice of claim.
The motion poses for decision apparently for the first time the discrete number of packages rule.
The facts are uncontroverted. On or about September 6, 1983 three pallets of semifinished leather hides were shipped on defendant’s air waybill from Buenos Aires to New York. On arrival and when picked up by the consignee on or about September 13, 1983 one of the pallets was missing. Plaintiff’s written notice of claim was submitted on or about October 3, 1983.
The applicable law and rules are uncontroverted also.
The Warsaw Convention article 26 (2) requires written complaint of damage to goods within seven days from date of *427 receipt. (49 US Stat 3000, 3020.) The Warsaw Convention article 13 (3) provides that, if the carrier admits loss or if the goods have not arrived within seven days after the date on which they ought to have arrived, the consignee may proceed against the carrier on the contract of transportation. (49 US Stat 3018.) Otherwise, the Convention has no provision relating to nondelivery. Defendant’s tariff and air waybill fill the gap. They track the Convention’s seven-day complaint of damage provision and then go on to add: "and in the case of loss [including nondelivery] unless presented within 120 days from date of issue of the air waybill.”
The parties agree that the Warsaw Convention applies to this shipment; that tariff provisions supplementing and not conflicting with the Convention are enforceable; and that the 120-day complaint of loss (including nondelivery) provision, which has been adopted by virtually all international carriers, does not conflict (Denby v Seaboard World Airlines, 737 F2d 172, 186 [2d Cir 1984]).
There, agreement between the parties stops. They are hotly contesting whether this shipment is governed by the 7-day or by the 120-day complaint provision hereinabove outlined. The reality is that this shipment does not fit precisely under either of them, but rather falls somewhere between them.
Defendant relies on a solid line of authority which equates partial loss with damage and applies the seven-day complaint provision. Leading is the often cited and respected decision of the House of Lords in Fothergill v Monarch Airlines ([1980] 2 All ER 696) which concerned partial loss of the contents of a suitcase. On almost identical facts the Appellate Term, First Department, reached the same result in Panzer v Aerolineas Argentinas (NYLJ, Mar. 3, 1986, p 6, col 1). In Hartford Fire Ins. Co. v Aerolineas Argentinas (16 Av Cas [CCH] No. 17,940 [1981]) the same court was faced with a loss of weight in 1 of 7 cartons of pharmaceuticals, and again applied the seven-day complaint provision. Citing the Hartford case (supra), my colleague, Judge Helen Freedman, did the same thing in Travelers Indem. Co. v Alia Airlines (18 Av Cas [CCH] No. 17,687 [1984]) where the loss was 2 out of 8 cartons of microfilm. Also in accord are the decisions of my colleague, Judge Shirley Fingerhood, in Parade Dress Co. v Korean Airlines (18 Av Cas [CCH] No. 18,561 [1984]) and of the City Court in Parke, Davis & Co. v British Overseas Airways Corp. (11 Misc 2d 811 [1958]).
*428 Plaintiff, on the other hand, invokes the discrete number of packages rule under which each package is treated as a separate shipment, nondelivery of which would come under the 120-day complaint provision. Defendant asserts that no case has in fact ever applied this rule. Defendant appears to be correct. Wherever the rule has been articulated or suggested, it has been dicta. In Denby v Seaboard World Airlines (supra), the Second Circuit reversed because there was a question of fact as to whether the shipment was 40 cartons of which only 4 arrived or one container from which there was a partial loss. In Famolare v Seaboard World Airlines (15 Av Cas [CCH] No. 17,289 [Sup Ct, NY County 1978]) and in Schwimmer v Air France (87 Misc 2d 147 [Civ Ct, Bronx County 1976]) the issue was not reached because there was no claim submitted within the 120 days. In Travelers Indent. Co. (supra) the shipment, which started out in California as a discrete number of packages, may have changed its nature in Amman where it was "broken down” before being turned over to Iraqi Airways for the final leg of the journey to Baghdad.
The discrete number of packages rule, however, appeals to logic and is adopted by this court. The rationale for extending the complaint period from 7 days to 120 days in the event of nondelivery is that the consignee is never actually put on notice to start the running of a very short period of limitations. Should the receipt of some but not all of a discrete number of packages — here 2 out of 3 pallets — be deemed to put the consignee on notice of trouble? Speculative! Rather than contemplating foul play, the consignee might just as rationally or perhaps even more rationally be thinking of inadvertent separation in transit.
If international air carriers are dissatisfied with the discrete number of packages rule, let them alert shippers by amending their tariffs and air waybills to cover precisely these circumstances.
Defendant’s motion is denied, and, despite the absence of a cross motion, plaintiffs may have summary judgment and an assessment of damages pursuant to CPLR 3212 (b).