**MADISON SHIPPING CORPORATION**

v.

**NATIONAL MARITIME UNION et al.**

**Civ. A. No. 27557.**

United States District Court
E. D. Pennsylvania.

March 19, 1962.

Krusen, Evans & Byrne, Eugene R. Lippman, Philadelphia, Pa., for plaintiff.

Freedman, Landy & Lorry, Martin J. Vigderman, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

On January 16, 1960, our late and lamented colleague, Judge Egan, entered an order restraining defendants from directly or indirectly picketing or in any other manner interfering with the voyage of the S.S. Madison Bell, a cargo vessel owned by plaintiff, a Liberian corporation, and then in the Port of Philadelphia.

The Court of Appeals, after certain proceedings not here material, held that the case was controlled squarely by the holding in Marine Cooks & Stewards, A.F.L. v. Panama S.S. Co., 362 U.S. 365, 80 S.Ct. 779, 4 L.Ed.2d 797 (1960), which had been decided some months after Judge Egan's order. In that case, the Supreme Court ruled that a dispute arising out of the picketing of a vessel of foreign registry, owned by foreign interests and manned by a foreign crew under foreign articles by an American union protesting wage scales and working conditions, was a "labor dispute" within the meaning of the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115. In consequence, the Court of Appeals determined that the District Court was without jurisdiction to issue any restraining order or temporary or permanent injunction in the case; and directed the District Court to vacate certain orders, and to "dismiss that portion of the complaint which seeks injunctive relief and to pass upon the claims for damages as the facts and the law may require." Madison Shipping Corp. v. National Maritime Union, 282 F.2d 377 (3d Cir., 1960).

The case is now before us on defendants' motion for assessment of damages, expenses, attorney's fee, etc., allegedly in accordance with the provisions of the Norris-LaGuardia Act. The main issue for decision at this time is whether, under the unusual circumstances here presented, the injunction bond filed by plaintiff and its surety is to be construed as covering counsel fees.

■■ It is undoubtedly the general rule that there can be no recovery of damages caused by a preliminary injunction, even if the injunction is set aside, unless final judgment after trial is in favor of the party who has been enjoined. Meeker v. Stuart, 188 F.Supp. 272 (D.C.1960), and cases cited; 43 C.J.S. Injunctions § 292. However, we think the Court of Appeals direction "to dismiss that portion of the complaint which seeks injunctive relief" must be regarded as equivalent to "final judgment after trial," for present purposes, and that defendants' motion is not premature.

The restraining order entered by the late Judge Egan contained the following provision with respect to security:

"This temporary restraining order is issued on condition that a bond with approved surety be entered by the plaintiff herein in the sum of Twenty-Five Thousand Dollars ($25,000), conditioned that if plaintiff shall fail to sustain its burden and prevail herein plaintiff, shall pay all costs and reasonable counsel fees that defendants may incur by reason of the entry of this order."

Plaintiff prepared and presented a bond containing the conditions pre-

scribed in Judge Egan's order. The Clerk refused to accept the bond. The result was that a printed form of bond under F.R.Civ.P. rule 65(c), 28 U.S.C.A. was executed and filed. The bond contained the following condition:

"Now, therefore, the condition of this obligation is such that if plaintiff shall pay all costs or damages which may be incurred by any party who is found to have been wrongfully enjoined or restrained, then this obligation shall be void; otherwise to remain in full force and effect."

The defendants and their counsel, apparently preoccupied with efforts to obtain an immediate appellate review of the restraining order, failed to examine the bond to ascertain whether it complied with Judge Egan's order, and so, did not learn until long afterwards that the bond as filed made no provision for attorney's fees, and otherwise departed from Judge Egan's order.

It will be noted that the language of the order directs the bond to be conditioned upon plaintiff's failure to sustain its burden and prevail *in the action before the Court.* It does not condition liability upon plaintiff's failure to sustain its right to injunctive relief, but apparently upon plaintiff's failure to sustain its entire action, including its damage claim. We know of no authority for such form of bond in a case of this character, and conclude that Judge Egan's order must be read in the light of the statute or rule under which the bond was ordered to be filed.

Coming, now, to the central issue, § 7 of Norris-LaGuardia, 29 U.S.C.A. § 107, contains the only provision in Federal law, so far as we are advised, for a bond covering attorney's fees in an injunction proceeding. It is important to note that Judge Egan expressly held that Norris-LaGuardia had no application to the controversy. The Court's reasoning and conclusions are succinctly stated in the Memorandum Opinion of January 16, 1960:

"In my opinion, the plaintiff has made out a prima facie case calling for equitable relief; that the status quo ante must be restored during the pendency of this suit in order to save the plaintiff from irreparable harm; that on the present record the activities of the defendants appear to be an illegal interference with interstate and foreign commerce; that this dispute arises in the Port of Philadelphia on a foreign vessel, between a foreign employer and a foreign crew operating under articles of agreement made abroad under the laws of another nation; that the Norris-LaGuardia Act has no application in a dispute of this kind; and that this Court has jurisdiction of the parties and of the controversy."

Not only did Judge Egan rule that Norris-LaGuardia had no application; his entire conduct of the hearing reflects the same basic assumption. The procedural requirements of § 7 of the Act were wholly disregarded, and the temporary restraining order was made effective for longer than the five days authorized by the same section. It follows that the authority under which the Court granted injunctive relief and ordered the bond was either the Clayton Act or F.R.Civ.P. rule 65(c). Under neither is recovery of counsel fees on a bond permitted.

■ Since Judge Egan acted on his determination that Norris-LaGuardia was not applicable, the words of § 7 of the Act cannot be read into the bond on any theory of relation back from the ultimate decision. The situation here is in no way distinguishable from that presented in International Ladies Garment Workers' Union v. Donnelly Garment Co., 147 F.2d 246 (8th Cir., 1945), where it was said (p. 253):

"Nor may the words of section 7 of the Norris-LaGuardia Act be

read into the bonds, since it is beyond question that the bonds in this case were not required by the court nor given by the plaintiffs pursuant to the provisions of the Norris-LaGuardia Act. The rule that the language of a statute requiring a bond in a certain form must be read into any bond made pursuant to the statute is frequently applied in cases where the principal on the bond applies for and receives the contract, privilege, or benefit authorized by the statute on the condition expressed in the statute that the principal execute a bond in the terms provided by the statute. In such cases the person from whom the bond is required is conclusively presumed to have intended to execute the bond in the amount and upon the conditions demanded by the statute, the benefit of which he accepts; the language of the statute is written into the bond, though omitted by inadvertence or intention.

\* \* \* \* \* \*

"The rule can not be applied in the present case. The issue before the courts on both the temporary restraining order and the temporary injunction was whether the Norris-LaGuardia Act controlled or the Sherman Act, as amended by the Clayton Act.

\* \* \* \* \* \*

"Necessarily, when the courts decided that their jurisdiction on the question before them was limited only by section 20 of the Clayton Act, they also decided that the bonds required of the plaintiffs should be conditioned in accordance with the provisions of that Act.

\* \* \* \* \* \*

"The fact that the decrees under which the bonds were given were erroneous does not entitle the defendants to recover the expenses and attorneys' fees incurred by them in resisting the decrees, nor in securing their reversal and the ultimate vacation of the orders issued in conformity with the decrees. The loss, if any, caused defendants by the errors of the court is damnum absque injuria, one of the unavoidable incidents of litigation to which parties are exposed."

That a bond must be construed in accordance with the authority under which it was given, was pointedly illustrated in Heiser v. Woodruff, 128 F.2d 178 (10th Cir., 1942), where plaintiff obtained a temporary injunction in a bankruptcy proceeding. Notwithstanding that the bond was conditioned for payment, inter alia, of reasonable attorney's fees, the Court noted that the Federal Courts "have consistently held that attorney's fees are not an element of damages recoverable upon such a bond," and denied recovery.

Since Judge Egan expressly held that the Norris-LaGuardia Act was without application, we think the order for entry of a bond covering "reasonable counsel fees" was an act in *excess* of the Court's jurisdiction (as distinguished from want of jurisdiction), and was to that extent void. "Although a court may have jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void": United States v. Walker, 109 U.S. 258, 266, 3 S.Ct. 277, 282, 27 L.Ed. 927 (1883). See also, Dauphin Deposit Trust Co. v. Myers, 388 Pa. 444, 462, 130 A.2d 686 (1957); 21 C.J.S. Courts § 25.

Defendants seek to invoke the general rule that "by obtaining the contemplated benefits of a bond or undertaking posted, the obligor is estopped from denying its binding obligation." The rule, we think, has no application here. Plaintiff is not attempting to deny the obligation of the bond. It is resisting the attempted inclusion in the bond of a provision which the Court, under the circumstances, had no authority to order, and without which plaintiff had the right to the issuance of the restraining order, on the Court's then view of the case.

## ORDER

NOW, March 19th, 1962, it is ordered and decreed that:

1. Defendants are not entitled to the assessment of attorney's fees as an element recoverable upon the within bond.

2. Defendants may proceed to the assessment of costs and damages properly recoverable upon the bond.