**1070**

UNITED STATES STEEL CORPORA-
TION, Plaintiff,

v.

UNITED MINE WORKERS OF AMER-
ICA et al., Defendants.

JONES & LAUGHLIN STEEL CORPO-
RATION, Plaintiff,

v.

UNITED MINE WORKERS OF AMER-
ICA et al., Defendants.

BETHLEHEM MINES CORPORATION,
Plaintiff,

v.

UNITED MINE WORKERS OF AMER-
ICA et al., Defendants.

REPUBLIC STEEL CORPORATION,
Plaintiff,

v.

UNITED MINE WORKERS OF AMER-
ICA et al., Defendants.

Civ. A. Nos. 70-724, 70-725, 70-727,
70-728.

United States District Court,
W. D. Pennsylvania.

Sept. 30, 1970.

Nicholas Unkovic, Reed, Smith, Shaw & McClay, Clyde W. Armstrong, Thorp, Reed & Armstrong, Pittsburgh, Pa., for plaintiffs.

Lloyd F. Engle, Jr., Wilner, Wilner & Kuhn, Pittsburgh, Pa., Joseph A. Yablonski, Clarice R. Feldman, Rauh & Silard, Washington, D. C., Kenneth J. Yablonski, Washington, Pa., for defendants.

## OPINION

GOURLEY, Senior District Judge.

In these consolidated civil actions, the immediate matters before the Court are Motions of defendants for an award of

reasonable costs, expenses and attorney fees. One group of attorneys have entered their appearances on behalf of the defendant Union, all of its Districts and Locals, and all of the individual defendants. The second group have entered their appearances in Civil Action 70–724 on behalf of Local 1248, in Civil Action 70–725 on behalf of Local 762, in Civil Action 70–727 on behalf of Local 762 and individual defendants Monborne and Krawitz, and in Civil Action 70–728 on behalf of defendant Trbovich. The defendants seek only those costs, expenses and attorney fees incurred in opposing plaintiffs' requests for preliminary injunctions in this Court on June 23, 24 and 25, 1970 and in appealing to the Circuit Court of Appeals from the Order of this Court dated June 25, 1970, granting the preliminary relief sought.[1]

The Court has conducted a hearing upon the Motions and considered the briefs and arguments of counsel. It is concluded that the Motions should be denied.

The actions sought to invoke the Court's jurisdiction under § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Plaintiffs requested preliminary injunctive relief compelling the defendants to cease from engaging in a work stoppage or picketing and to submit to the Settlement of Local and District Disputes provision of the National Bituminous Coal Wage Agreement of 1968.

Consolidated evidentiary hearings were conducted, arguments heard and briefs submitted during all of which time the aforementioned counsel represented the defendants. The Court entered Orders granting the plaintiffs' prayers for preliminary injunctions against all of the defendants named therein, and approved bonds in the amount of one thousand dollars, each conditioned as follows:

"NOW, the condition of this obligation is such, that the plaintiff shall be liable to the defendants for such costs and damages, not exceeding the sum of $1,000.00, as defendants or any other person may sustain by reason of the Preliminary Injunction, if the Court finally decides that plaintiff is not entitled thereto."

Subsequent to the original decree, the Court entered a modifying order so as to exclude from the terms of the preliminary injunctions the defendant International Union.

In granting the preliminary injunctions it was concluded that the collective bargaining agreement provided a procedure, ultimately resulting in arbitration, which the parties to the agreement contemplated would be utilized to resolve a dispute of the nature in question.

Appeals from the Orders granting preliminary injunctions were perfected by all counsel for the defendants and the Court of Appeals reversed and remanded. In its Memorandum the Court stated:

"We therefore summarily reverse and remand these cases to the district court without prejudice to a request for a hearing *de novo* on the application for a preliminary injunction. *We emphasize that we have not reached the issue of the merits of the request for a preliminary injunction.*" (Emphasis supplied.)

After remand, the plaintiffs requested a de novo hearing upon the applications for preliminary injunctions. The hearing was conducted and the parties stipulated to an indefinite continuance of the hearing upon conditions agreed to by the parties.

The question presented is whether the defendants are entitled to costs, ex-

---

1. By stipulation, the parties have agreed that costs and expenses have been advanced by Mr. Engle in the amount of $730.94 and that reasonable attorney fees for services rendered by Mr. Engle are $3,- 380.00; by Mr. Owens, $1,120.00; by Mr. Joseph A. Yablonski, $3,580.00; by Mrs. Feldman, $1,640.00, and by Mr. Kenneth J. Yablonski, $900.00.

**1072**

penses and reasonable attorney fees incurred in opposing the requests for preliminary injunctions in this Court and in prosecuting their successful appeals.

 The Order of the Court of Appeals prescribes that each party is to bear its own costs. This determination is dispositive of the question of costs on appeal and cannot be reconsidered here. It is also proper to infer from the aforementioned Order that each party is to bear his or its own expenses and attorney fees incurred on appeal.

There remains for consideration defendants' requests for costs, expenses and attorney fees incurred by the defendants in opposing the requests for preliminary injunctions in this Court. I conclude this request is prematurely made. It is the generally followed federal rule that there can be no recovery of damages caused by a preliminary injunction even if set aside, unless final judgment after trial is in favor of the party who has been enjoined. Madison Shipping Corp. v. National Maritime Union, 204 F.Supp. 22, 23 (E.D.Pa. 1962); Meeker v. Stuart, 188 F.Supp. 272, 276 (D.D.C.1960), aff'd, 110 U.S. App.D.C. 161, 289 F.2d 902 (1961), and cases cited therein; 3 Barron & Holtzoff, Fed.Prac. & Proced. § 1435 (1958).

There has been no final determination of plaintiffs' claims for injunctive relief. The Court of Appeals expressly reversed the trial court on procedural grounds alone and did not reach or consider the merits of the lower court's decrees. Due to the agreement and stipulation of counsel for the parties, the merits of plaintiffs' requests have not been reached by this Court. In the present posture of the case, the requests for both preliminary and final injunctive relief remain pending before the Court. Absent any final determination upon the merits of the requests for injunctive relief, defendants are not entitled to recover.

This conclusion now made renders it unnecessary for the Court to decide whether the terms of Section 7 of the Norris-LaGuardia Act, 29 U.S.C.A. § 107, requiring security for reasonable attorney's fees and legal expenses, must be read into a bond filed precedent to the issuance of an injunction against concerted activity alleged to be in violation of a collective bargaining agreement.

An appropriate Order is entered.

### ORDER

Now, this 30th day of September 1970, defendants' Motions for costs, expenses and attorney fees are hereby denied without prejudice to their right to re-submit similar motions should the outcome of the proceedings warrant the same.