In re RESTAURANT SERVICES, INC., Debtor.

A.J. CUNNINGHAM PACKING CORPORATION, Plaintiff,

v.

RESTAURANT SERVICES, INC., Defendant.

Bankruptcy No. 3–81–02316.
Adv. No. 3–81–0447.

United States Bankruptcy Court, W.D. Kentucky.

Aug. 17, 1982.

W. Robinson Beard, Louisville, Ky., for plaintiff.

John W. Ames, Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy case originally came before the Court on the complaint of A.J. Cunningham Packing Corporation (Cunningham), by counsel, seeking to reclaim property delivered during insolvency pursuant to the provisions of the Kentucky adoption of the Uniform Commercial Code, specifically KRS 355.2–702, and Section 546(c) of the Bankruptcy Code, 11 U.S.C. § 546.

Concurrently with the filing of the complaint on September 30, 1981, Cunningham filed a motion for preliminary injunction alleging irreparable harm. A hearing was held wherein the motion was granted and a preliminary injunction issued on September 30, 1981, contingent upon the posting of a bond in the amount of $5,000.00. The contingency was satisfied on the same date with Aetna Casualty & Surety Company serving as surety on the bond.

In part, the terms of this preliminary injunction provided that the debtor-in-possession was "restrained and enjoined from selling, assigning, transferring or in any way consuming or disposing of or interfering with plaintiff's meat products delivered to defendant on September 1, 1981, remaining in its possession...." It was further ordered that the debtor-in-possession segregate, refrigerate, and otherwise protect plaintiff's meat products remaining in its possession and make an accounting to the Court within seven (7) days as to the disposition of all of plaintiff's meat products from the time of their receipt by the defendant.

Subsequently, on October 16, 1981, debtor-in-possession filed a report to the Court pursuant to the terms of the injunction stating that an extensive search was conducted, and it appeared that all of the meat products were processed and distributed within three days after delivery to the debtor. The adversary proceeding was thereafter dismissed by order of this Court on February 15, 1982, upon the advice and information of counsel that the parties had settled the matter.

On March 11, 1982, the debtor, by counsel, filed an application for assessment of damages demanded on plaintiff's bond and alleged that the inventory and various services which were required pursuant to the preliminary injunction resulted in costs incurred by the debtor in the total amount of $1,464.00. This amount was itemized as follows: $300.00 for an administrative review; $350.00 for the physical inventory; $185.00 for an accounting check; and $629.00 in legal fees. In response to defendant/debtor's application, on March 16, 1982, Cunningham, by counsel, filed its objection to the award of damages. Thereafter, a hearing was held, and memoranda of legal argument and authority were filed by counsel for all parties.

Without addressing the merits of the initial controversy raised by the complaint for reclamation which was subsequently resolved by way of settlement between the parties, the sole issue now before the Court relates to whether or not the defendant is entitled to recover damages payable from the bond posted by plaintiff pursuant to the issuance of the preliminary injunction.

Rule 65(c), Federal Rules of Civil Procedure, provides that:

"No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained...."

Rule 65(c), F.R.C.P., is specifically made applicable to adversary proceedings in bankruptcy by and through Rule 765, Rules of Bankruptcy Procedure, which states in pertinent part:

"Rule 65 of the Federal Rules of Civil Procedure applies in adversary proceedings except that a temporary restraining order or preliminary injunction may be issued on application of a trustee, receiver, or bankrupt without compliance with subdivision (c) of that rule...."

In this case, then, a determination must necessarily be made as to whether the defendant/debtor can be "found to have been wrongfully enjoined or restrained." Rule 65(c), F.R.C.P.

Among the factors usually examined to determine whether interlocutory relief is appropriate are: (1) the likelihood of ultimately prevailing on the merits; (2) the likelihood of irreparable harm; and (3) a balancing of the hardships involved. See e.g., *Lektro-Vend Corp. v. Vendo Co.,* 403 F.Supp. 527 (D.C.Ill.1975), aff'd 545 F.2d 1050, cert. granted 429 U.S. 815, 97 S.Ct. 55, 50 L.Ed.2d 74, reversed (on other grounds) 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009, reh. den. 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164, pet. for clarification den. 434 U.S. 425, 98 S.Ct. 702, 54 L.Ed.2d 659, on remand 500 F.Supp. 332.

■ Taking into account the factors recited in *Lektro-Vend Corp. supra,* it is the opinion of the Court that the issuance of the preliminary injunction was proper un-

der the circumstances of this case. In the case of *Atomic Oil Company of Oklahoma, Inc. v. Bardahl Oil Company*, 419 F.2d 1097 (10 Cir.1969), cert. den. 397 U.S. 1063, 90 S.Ct. 1500, 25 L.Ed.2d 685 (1970), as cited to this Court by defendant, the Court there was of the opinion that a wrongfully granted injunction is merely tantamount to an improperly granted injunction, stating:

"Judicial determination of the bond's applicable condition must probe the merits of the right to injunctive relief and not merely the trial court's discretion in providing temporary protective security." Id. at 1102.

"It is well settled that there is no liability for damages resulting from a suit for an injunction or from a restraining order or injunction *erroneously granted,* unless the suit was prosecuted maliciously and without probable cause." (Emphasis added.) 7 *Moore, Federal Practice,* ¶ 65.10[1], at pp. 65–98, citing *Greenwood County v. Duke Power Co.,* 107 F.2d 484, 487 (4th Cir.1939), cert. den. 309 U.S. 667 (1940), et al., 60 S.Ct. 608, 84 L.Ed. 1014.

■ Nonetheless, for purposes of an action for damages for a wrongfully obtained preliminary injunction, it is not necessary for the Court to find that the injunction was obtained maliciously or without probable cause before liability on the surety's bond attaches. However, there can be no recovery of damages caused by a preliminary injunction, even if set aside, unless final judgment after trial is in favor of the party who has been enjoined. *Rocky Mountain Timber Corp. v. Federal Insurance Co.,* 502 F.Supp. 433 (D.C.Or.1980); See also *Alabama Mills v. Mitchell,* 159 F.Supp. 637 (D.C.D.C.1958).

■ In the instant situation, the defendant/debtor contends that it has been "wrongfully enjoined" solely by virtue of the fact that no property was found to be remaining in its possession after the ordered inspection was conducted, and thus, that the absence of the property necessarily leads to the conclusion that the injunction was erroneously granted or constituted an improperly granted restraint. The Court cannot agree with this application or interpretation of the standard of "wrongfully enjoined." Additionally, as the substantive issue of the adversary proceeding was settled by the parties and not adjudicated by this Court, there is no proof which would tend to support a finding on the basis of an ultimate determination that the defendant was indeed wrongfully restrained—there being no ultimate determination for utilization.

■ Moreover, recoverable damages under an injunction bond issued pursuant to Rule 65(c) are those that arise from operation of the injunction itself and not from damages occasioned by the suit independently of the injunction. *Lever Bros. Co. v. International Chemical Workers Union, Local 217,* 554 F.2d 115 (4th Cir.Md.1976).

Although the defendant here has specified costs of complying with the Court's order to make an inspection of the premises, there has been no specification of the damages sustained as a direct result of the issuance of the preliminary injunction. Indeed, the defendant was enjoined from transferring or otherwise disposing of, or was affirmatively required to protect, plaintiff's property in its possession. However, the property was found not to be in the possession of the defendant, having previously been disposed of within three days after delivery to defendant's premises.

■ Generally, attorneys' fees and legal expenses spent by the injured party in resisting or appealing the injunction are not recoverable under a bond. See *Madison Shipping Corp. v. Nat'l Maritime Union,* 204 F.Supp. 22 (E.D.Pa.1962); Cf. *International Ladies Garment Workers Union v. Donnelly Garment Co.,* 147 F.2d 246, 253 (8th Cir. 1945); see also *Tullock v. Mulvane,* 184 U.S. 497, 511, 513, 22 S.Ct. 372, 377, 378, 46 L.Ed. 657 (1902); *Monolith Portland Midwest Co. v. Reconstruction Finance Corp.,* 128 F.Supp. 824 (S.D.Cal.1955). It may be noted in this regard that the injunction here was not appealed.

Even upon a showing that a party has been wrongfully enjoined, the award of damages is discretionary with the Court. Although Rule 65(c) requires that a bond be posted, it does not follow that the Court is bound to award damages on the bond without considering the equities of the case. The Rule does not make judgment on the bond automatic, upon a showing of damage, and the Court has discretion to refuse to award damages in the interest of equity and justice. This conclusion is consistent with the provision of the Rule which gives the Court discretion to fix bond in a nominal amount. *Page Communications Engineers, Inc. v. Froehlke,* 475 F.2d 994 (C.A.D. C.1973); see also *Atomic Oil Company of Oklahoma, Inc. v. Bardahl Oil Company,* supra.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, R.B.P.

For the foregoing reasons and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the defendant's application for assessment of damages against the plaintiff's bond be and the same is hereby denied. This is a final order.