**[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 660.]**

THE STATE EX REL. SMITH, APPELLANT, *v*. O'CONNOR, JUDGE, APPELLEE.

[Cite as *State ex rel. Smith v. O'Connor*, 1995-Ohio-40.]

*Mandamus to compel trial judge in wrongful death action against hospital on remand from court of appeals to order new trial on damages only, to prevent judge from proceeding with a new trial on all issues and to enter a judgment on negligence and liability against the hospital—Writ denied, when.*

(No. 94-2309—Submitted February 21, 1995—Decided April 5, 1995.)

APPEAL from the Court of Appeals for Hamilton County, No. C-940141.

_____

{¶ 1} Relator-appellant, Daisy Smith, administratrix and personal representative of the estate of Christine Higgins, brought an action against The Jewish Hospital of Cincinnati, Inc. ("hospital") in the Hamilton County Court of Common Pleas, which included survival, wrongful death, and emotional distress claims. Smith alleged that the hospital had negligently treated Higgins when she was a patient there and that the hospital's negligence resulted in Higgins's premature death. Following trial, the jury returned a general verdict in favor of the hospital. The common pleas court entered a judgment in favor of the hospital upon the general jury verdict.

{¶ 2} The jury's answers to interrogatories indicated that it determined that the hospital deviated from the care, skill and diligence required of similar hospitals in its care of Higgins and that Higgins's death was accelerated due to brain damage. However, the jury determined that Higgins's injuries were not caused by the hospital's negligence. The common pleas court overruled Smith's motion for judgment notwithstanding the verdict on the issue of negligence and/or motion for new trial.

**{¶ 3}** Smith appealed to the Court of Appeals for Hamilton County. In her appellate brief, Smith argued in part that "[w]hen jury interrogatories are inconsistent with the general verdict and the evidence and answers demonstrate a finding of legally compensable damages, the court is required to reinstruct, or enter judgment notwithstanding the general verdict *and/or grant a new trial on all issues or damages only*." (Emphasis added.)

**{¶ 4}** On March 10, 1993, the court of appeals entered judgment in the appeal and stated in its entry:

"[I]t is the Order of this Court that the judgment of the trial court is reversed in part and the cause is remanded for the reasons set forth in the Decision filed herein and made a part hereof."

**{¶ 5}** In its decision issued on the same date, the court of appeals determined that the judgment entered upon the jury verdict was against the manifest weight of the evidence because no competent, credible evidence supported the jury determination that the hospital's breach of duty to Higgins was not the proximately cause of Higgins's injuries. In its decision, the court of appeals held that "[t]he trial court's judgment in favor of Jewish Hospital is reversed and the cause remanded for a new trial and for further proceedings against the hospital only, consistent with the reasoning of this decision." The hospital appealed the court of appeals' judgment to this court, but the appeal was not allowed. See *Smith v. Midwest Health Serv., Inc.* (1993), 67 Ohio St.3d 1423, 616 N.E.2d 506.

**{¶ 6}** On remand, respondent-appellee, Hamilton County Court of Common Pleas Judge John P. O'Connor, set the cause for a new trial and determined that "all issues including liability, proximate cause and damages shall be tried and presented to the jury ***."

**{¶ 7}** Smith initiated an action in the court of appeals seeking a writ of mandamus and/or a writ of prohibition to order a new trial on damages only, prevent Judge O'Connor from proceeding with a new trial on all issues, and enter a

judgment on negligence and liability against the hospital. After Judge O'Connor filed an answer, the parties submitted stipulated facts. Relator filed a motion for an order directing Judge O'Connor to enter judgment on liability with a finding of compensable injury and to set the trial on damages only. Respondent filed a motion for summary judgment.

{¶ 8} On September 15, 1994, the court of appeals granted Judge O'Connor's motion for summary judgment, denied Smith's motion, and denied the requested writs. The court of appeals stated in its opinion that it "did not suggest, either in the mandate or in the body of the decision, that this court had entered partial judgment for Smith or that the new trial was to be for damages only."

{¶ 9} The cause is now before this court upon an appeal as of right.

_____

*Marlene Penny Manes*, for appellant.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and Philip L. Zorn, Jr., Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 10} Smith asserts in her propositions of law that the doctrine of the law of the case limited the sole issue to be determined on retrial following the court of appeals' reversal of the judgment entered in favor of the hospital to the amount of damages. Smith claims that Judge O'Connor ignored the mandate of the court of appeals by deciding to hold a new trial on all issues upon remand.

{¶ 11} Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus; *Columbus Bd. Of Edn. v. Franklin Cty. Bd. of Revision* (1994), 70 Ohio St.3d 344, 345, 639 N.E.2d 25, 26. A writ of mandamus is an appropriate remedy to require a lower court to comply

with an appellate court's mandate directed to that court. *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 13 O.O.3d 17, 319 N.E.2d 343; *State ex rel. Schneider v. Brewer* (1951), 155 Ohio St. 203, 44 O.O. 170, 98 N.E.2d 2; see, also, *Vendo Co. v. Lektro-Vend Corp.* (1978), 434 U.S. 425, 427-428, 98 S.Ct. 702, 703-704, 54 L.Ed.2d 659, 662-663. A writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court. See *State ex rel. TRW, Inc. v. Jaffe* (1992), 78 Ohio App.3d 411, 604 N.E.2d 1376 (writ of prohibition issued to prevent new trial on issue of damages for fraud); see, also, *State ex rel. Potain*, *supra*, 59 Ohio St.3d at 32, 13 O.O.3d at 19, 391 N.E.2d at 345 ("The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.").

{¶ 12} Smith claims entitlement to extraordinary relief in mandamus and prohibition based on cases that have held that "App.R. 12(D) and Civ.R. 42(B) together authorize a court of appeals to order a retrial of only those issues which resulted in prejudicial error." *Charles R. Combs Trucking, Inc. v. Internatl. Harvester Co.* (1984), 12 Ohio St.3d 241, 12 OBR 322, 466 N.E.2d 883, paragraph one of the syllabus; *Mast v. Doctor's Hosp. N.* (1976), 46 Ohio St.2d 539, 541, 75 O.O.2d 556, 557, 350 N.E.2d 429, 430. Smith asserts that the foregoing cases required the court of appeals to order retrial only on the issue of damages. However, we have held:

"While worded in strong terms, *the syllabus of Combs falls short of being mandatory*, and the rationale authorizing reviewing courts to order a limited remand implicitly recognizes the need for appellate courts to carefully exercise their discretion to determine the appropriate scope of remand." (Emphasis added.) *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 5, 523 N.E.2d 489, 493. See, also, Whiteside, Ohio Appellate Practice (1994) 91, Section T 7.05(C) ("When a case is remanded for retrial, Appellate Rule 12[D] in conjunction with Civil Rule 42[B] *permits* the court of appeals to allow error-free issues to

stand, and limit retrial to those issues, claims, or defenses which in the original trial resulted in prejudicial error." [Emphasis added.]).

{¶ 13} The court of appeals was not *required* to order a limited retrial, and a review of its mandate and incorporated decision indicates, as that same court later determined, that it did not order a new trial solely on the issue of damages. Smith's own argument in her appellate brief in the initial appeal requested a "new trial on all issues or damages only." Under the invited-error doctrine, a party will not be permitted to take advantage of an error which she herself invited or induced the trial court to make. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952.

{¶ 14} Since the court of appeals never ordered Judge O'Connor to hold a new trial limited to the issue of damages on remand, Smith failed to establish a clear legal right to a limited trial or corresponding clear legal duty on the part of Judge O'Connor to provide it. Additionally, Smith failed to establish that Judge O'Connor's decision to hold a new trial on all the issues was in excess of or without jurisdiction. Finally, Smith possessed an adequate remedy by discretionary appeal of the appellate court's prior judgment, which reversed the judgment entered in favor of the hospital but failed to order a new trial limited to the damages issue. Although that appeal was not allowed, extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue. *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 249, 594 N.E.2d 616, 620.

{¶ 15} Accordingly, the court of appeals properly denied Smith's complaint for writs of mandamus and prohibition, and its judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---