JOURNAL ENTRY AND OPINION
{¶ 1} O'Donnell Construction Company, ("O'Donnell"), appeals the trial court's decision to compel the deposition and trial testimony of mediator David Lunka ("Lunka"), to deny its motion in limine regarding all mediation communications, to grant the Stewarts' motion for a protective order, to deny its motion to compel, and to deny its motion to transfer the case to a bench trial. O'Donnell argues all communications made to mediator Lunka are confidential, the Stewarts waived any right to claim attorney-client privilege, and the issue to be heard at trial is an issue for the court sitting without a jury. For the following reasons, we affirm in part, reverse in part, and remand.
 {¶ 2} In 2003, Michael Stewart, Coveda Stewart, and Unity Martial Arts LLC ("Stewarts") entered into a contract with O'Donnell for the construction of the United Martial Arts Center on Euclid Avenue. In December 2003, the Stewarts issued a stop work order and prevented O'Donnell and all subcontractors from performing any more construction services. The Stewarts also stopped making payments to O'Donnell, claiming that there were defects in the construction and that O'Donnell had breached the construction agreement. In response, O'Donnell claimed the Stewarts breached the agreement and that the Stewarts still owed approximately $127,000.
 {¶ 3} Pursuant to the construction agreement, the parties engaged in mediation with mediator Lunka. During the mediation, Lunka initially met with both parties for a brief meeting but conducted the majority of discussions, negotiations, and meetings separately with only one party at a time. After a full day of effort, the parties entered into a mutually acceptable settlement agreement. The "mutual release and settlement" required O'Donnell to deliver materials to the job site and required the Stewarts to pay O'Donnell $100,000 no later than thirty days from the date of mediation.
 {¶ 4} The Stewarts did not pay O'Donnell the amount owed, claiming that O'Donnell made fraudulent statements during mediation, thereby fraudulently inducing them to settle. O'Donnell filed the instant suit seeking specific performance of the settlement agreement. With the help of new counsel, the Stewarts filed their answer, counterclaim, and amended counterclaim. The Stewarts' amended counterclaim alleged O'Donnell made fraudulent statements to them and Lunka during the March 8, 2004 mediation.
 {¶ 5} Prior to trial, O'Donnell filed a motion in limine arguing that the Stewarts should be precluded from presenting any mediation communications at trial. In response, the Stewarts filed an emergency motion to compel the deposition and trial testimony of Lunka. O'Donnell based its motion and its opposition to the Stewarts' motion on the argument that all communications to Lunka were confidential.
 {¶ 6} Additionally, O'Donnell filed a motion to compel the testimony and complete file of the Stewarts' former attorney Michael Warrell ("Warrell"), an act the Stewarts claimed was barred by attorney-client privilege. O'Donnell argued that the Stewarts waived any claim of attorney-client privilege when they filed their counterclaim. The Stewarts opposed this motion and sought a protective order. Finally, O'Donnell filed a motion to transfer the case to a bench trial, which the Stewarts also opposed.
 {¶ 7} In a series of four journal entries issued on June 15, 2005, the trial court denied O'Donnell's motion in limine regarding the March 8, 2004 mediation communications, granted the Stewarts' motion to compel the deposition and trial testimony of Lunka, denied O'Donnell's motion to compel the testimony and complete file of Warrell, granted the Stewarts' motion for protective order, and denied O'Donnell's motion to transfer the case to a bench trial. O'Donnell appeals the trial court's decisions in the four assignments of error contained in the appendix to this opinion. The trial court stayed this matter pending the results of this appeal.
 {¶ 8} As a preliminary matter, this court has denied the Stewarts' motion to dismiss for lack of a final appealable order in a separate entry on March 29, 2006.
 {¶ 9} In its first assignment of error, O'Donnell argues the trial court erred when it granted the Stewarts' motion to compel the deposition and trial testimony of Lunka. In its second assignment of error, O'Donnell argues the trial court erred when it denied its motion in limine regarding all mediation communications. Because these assignments of error have the same standard of review on appeal, they will be addressed contemporaneously.
 {¶ 10} It is well-settled law that a trial court has broad discretion in controlling the discovery process. Radovanic v.Cossler (2000), 140 Ohio App.3d 208. It is also important to note that regulation of pretrial discovery matters concerning privilege are also governed by an abuse of discretion standard. Id. Absent an abuse of that discretion, an appellate court may not overturn the trial court's ruling on discovery matters.Feichtner v. City of Cleveland (1994), 95 Ohio App.3d 388,Radovanic, supra.
 {¶ 11} R.C. 2317.023 provides in pertinent part:
"(A) As used in this section:
(1) `Mediation' means a nonbinding process for the resolution of a dispute in which both of the following apply:
(a) A person who is not a party to the dispute serves as mediator to assist the parties to the dispute in negotiating contested issues.
(b) A court, administrative agency, not-for-profit community mediation provider, or other public body appoints the mediator or refers the dispute to the mediator, or the parties, engage the mediator.
(2) `Mediation communication' means a communication made in the course of and relating to the subject matter of a mediation.
(3) A mediation communication is confidential. Except as provided in division (C) of this section, no person shall disclose a mediation communication in a civil proceeding or in an administrative proceeding."
See, also, State ex rel. Schneider v. Kreiner,83 Ohio St.3d 203, 1998-Ohio-271.
 {¶ 12} Pursuant to the statute, our initial question becomes whether the parties' requests concern mediation communications. Here, the Stewarts sought to compel the disclosure of the information both the Stewarts and O'Donnell relayed to Lunka, while O'Donnell sought to prevent the disclosure of any information obtained during the mediation. Under the statutory definition, it is clear that the information sought by the Stewarts and the information sought to be protected from disclosure by O'Donnell, constitute mediation communications.
 {¶ 13} R.C. 2317.023(B) states that "[a] mediation communication is confidential." The language of the statute is clear; mediation communications are confidential and may not be disclosed. Kreiner, supra. Accordingly, R.C. 2317.023(B) compels us to conclude that the communications are confidential and may not be disclosed unless one of the exceptions listed in R.C. 2317.023(C) applies to this case.
 {¶ 14} The Stewarts contend that the confidentiality requirement does not apply because R.C. 2317.023(C)(2) and (4) preclude its application. We disagree.
 {¶ 15} R.C. 2317.023(C) provides:
"Division (B) of this section does not apply in the following circumstances:
* * *
(2) To the disclosure by a person oer than the mediator of a mediation communication made by a person other than the mediator if all parties to the mediation and the mediator consent to the disclosure;
* * *
(4) To the disclosure of a mediation communication if a court, after a hearing, determines that the disclosure does not circumvent Evidence Rule 408, that the disclosure is necessary in the particular case to prevent a manifest injustice, and that the necessity for disclosure is of sufficient magnitude to outweigh the importance of protecting the general requirement of confidentiality in mediation proceedings."
 {¶ 16} R.C. 2317.023(C)(4) does not apply to this case. The plain language of R.C. 2317.023(C)(4) requires a hearing to determine whether the exception to confidentiality applies. There has been no hearing, nor a request for such a hearing in this case.
 {¶ 17} Similarly, R.C. 2317.023(C)(2) does not prevent the application of R.C. 2317.023(B) to this case. There is no evidence that O'Donnell, Michael Stewart, Coveda Stewart, and Lunka consented to disclosure of the communications.
 {¶ 18} However, the Stewarts claim that O'Donnell consented to the disclosure of all mediation communications by attaching two affidavits written by Lunka to its dispositive motion and reply brief. The Stewarts argue that Lunka's affidavits "discuss the mediation, certain communications made at the mediation, and his opinion of the parties' understanding of those communications."
 {¶ 19} A review of the Lunka affidavits shows that Lunka did not consent to the disclosure of all mediation communications. Lunka's initial affidavit described the procedural nature of the March 8, 2004 mediation and his opinion that the parties understood the terms of the settlement agreement. Lunka's second affidavit reiterated the procedure of the mediation and further explained what he did and did not disclose to the parties concerning the settlement agreement.
 {¶ 20} Even if these admissions could be interpreted as an implicit consent of mediation disclosures, the exception contained in R.C. 2317.023(C)(2) deals with "disclosure by a person other than the mediator" and requires the consent of all parties to the mediation, including the mediator. Even viewing the Stewarts' argument in the best possible light, it encompasses a situation outside the realm of R.C. 2317.023(C)(2), one where the mediator arguably made the disclosure without the consent of all parties.
 {¶ 21} Accordingly, there is no authority to overcome the confidentiality requirement of R.C. 2317.023(B). Any and all communications made during the March 8, 2004 mediation are not subject to disclosure. We find that the trial court abused its discretion in ordering their disclosure. O'Donnell's first and second assignments of error are sustained.
 {¶ 22} In its third assignment of error, O'Donnell argues that the trial court erred when it granted Stewarts' motion for a protective order and denied O'Donnell's motion to compel the complete file and testimony of Stewarts' former attorney.
 {¶ 23} As this court stated above, a trial court has broad discretion on discovery matters, and the standard of review is whether there was an abuse of that discretion. Radovanic,
supra. Accordingly, we will not reverse the trial court's rulings absent an abuse of discretion. Feichtner, supra.
 {¶ 24} Generally, communications between a client and their attorney are privileged from discovery. R.C. 2317.02(A). However, the privilege may be deemed waived, either expressly or impliedly, when the confidential communications are voluntarily disclosed by the client to a third party. State v. Post (1987),32 Ohio St.3d 380; State v. Hall, Lake App. No. 2001-L-230,2004-Ohio-3186.
 {¶ 25} In moving to compel the file and complete testimony of Warrell, O'Donnell argues that the Stewarts waived any claim of attorney-client privilege by disclosing Warrell's advice in their amended answer, counterclaim, and third-party complaint. Specifically, O'Donnell cites to paragraphs forty-three and forty-four in which the Stewarts argue they were "counseled that any and all agreements or settlements reached at the mediation were `preliminary' in nature and were revocable within thirty days," and they were "counseled that they and their agents would be given an opportunity to substantiate any and all of O'Donnell's representations made during the mediation."
 {¶ 26} This appellate court has previously used the triparite test established in Hearn v. Rhay (E.D. Wash. 1975),68 F.R.D. 574, to determine if the attorney-client privilege has been impliedly waived. H D Steel Service Inc. v. Weston, Hurd,Fallon, Paisley Howley (1998), Cuyahoga App. No. 72758, 1998 Ohio App. LEXIS 3422. Under the Hearn test, each of the following three conditions must exist in order to find the privilege impliedly waived:
"(1) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party;
(2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense."
 {¶ 27} Though the first prong of the Hearn test could arguably apply to this case, O'Donnell cannot meet the second prong of the test. The information contained in paragraphs forty-three and forty-four, the alleged affirmative act, is no longer relevant to the case. The Stewarts stipulated to the binding nature of the settlement agreement, thereby rendering moot the allegations contained in paragraphs forty-three and forty-four. Therefore, the Stewarts have not waived their right to assert the attorney-client privilege.
 {¶ 28} O'Donnell also argues the Stewarts waived any claim that the communications made to Warrell during the mediation were protected by the attorney-client privilege, by having their architect, Daniel Bickerstaff ("Bickerstaff"), in the room.[1] However, O'Donnell does not cite to any legal authority to support the argument that even if the attorney-client privilege has been waived, why the confidentiality requirement of R.C. 2317.023 would not apply. This court has previously determined in its analysis above, that mediation communications are confidential and may not be disclosed absent statutory exceptions. Accordingly, this argument is without merit.
 {¶ 29} We find that the trial court did not abuse its discretion in denying the motion to compel the file and complete trial testimony of Warrell, and in granting the motion for a protection order.
 {¶ 30} O'Donnell's third assignment of error is overruled.
 {¶ 31} Judgment affirmed in part, reversed in part, and remanded.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., And Christine T. McMonagle, J.concur
 Appendix Assignments of Error
 "I. The trial court erred when it granted the defendant'smotion to compel the discovery deposition of the mediator inviolation of the strict confidentiality which applies to any andall communications made during a mediation proceeding pursuant toOhio's Mediation Privilege Statute, R.C. 2317.023.
 II. The trial court erred when it denied plaintiff's motion inlimine and granted the defendant's motion to compel the trialtestimony of the mediator in violation of the strictconfidentiality which applies to any and all communications madeduring a mediation pursuant to Ohio's Mediation PrivilegeStatute, R.C. 2317.023.
 III. The trial court erred when it granted the Stewarts'motion for protective order and denied O'Donnell Construction'smotion to compel the production of the complete file and thetestimony of the Stewarts' former attorney as being protected bythe attorney-client privilege where the Stewarts waived anyprivilege by virtue of their having voluntarily disclosed thesubstance of their communications with their former attorney.
 IV. The trial court erred when it denied O'DonnellConstruction's motion to transfer the trial to a bench trial andordered the matter to proceed as a jury trial."
[1] This Court notes that the Stewarts claim Bickerstaff left the mediation a short time after its inception. However, a review of Bickerstaff's deposition reveals that he remained until the conclusion of the mediation.