{¶ 1} On September 6, 2006, the relator, O'Donnell Construction Co., commenced this prohibition action against the respondent, Judge Ann Mannen, to prohibit the judge from conducting a hearing on a motion to allow the testimony of a mediator. O'Donnell Construction argues that the law of the case doctrine divested the respondent judge of jurisdiction to hold such a hearing. The relator also sought an alternative writ to prohibit the hearing scheduled for September 21, 2006; this court granted that application on September 11 and prohibited the judge from proceeding on the subject hearing until further notice from this court. On September 13, the respondent filed her motion to dismiss. Subsequently, Michael and Coveda Stewart, two of the defendants in the underlying case, O'Donnell Construction Company v. MichaelStewart, Cuyahoga County Common Pleas Court Case No. CV-527302, filed a motion to intervene which this court granted on September 26, 2006. On October 10, these intervenors filed a brief in opposition, and on October 23, 2006, O'Donnell Construction filed a reply brief in support of their petition for prohibition. This court has considered all the materials submitted, and this case is now ripe for disposition. For the following reasons, this court denies the application for a writ of prohibition.
 Factual and Procedural Background {¶ 2} In 2003, O'Donnell Construction and the Stewarts (Michael and Coveda Stewart and Unity Martial Arts) contracted to build a martial arts center. In December 2003, the agreement collapsed; the Stewarts claimed defects in construction, and O'Donnell Construction claimed non-payment.
 {¶ 3} Pursuant to the construction contract, the parties in early March 2004, submitted to mediation. The mediator, David Lunka, worked out a settlement agreement under which O'Donnell Construction would deliver materials to the job site, and the Stewarts would pay $100,000 within thirty days of the mediation date.
 {¶ 4} However, this settlement agreement also failed. The Stewarts claimed that O'Donnell Construction made fraudulent statements during the mediation, and they refused to pay. Accordingly, on April 8, 2004, O'Donnell Construction commenced the underlying case, to enforce the settlement agreement. The Stewarts counterclaimed for fraud and sought the nullification of the settlement agreement.
 {¶ 5} To pursue their claim, the Stewarts sought to depose Lunka. R.C.2317.023[1] generally provided that what is said during mediation is confidential unless under subsection (C)(4) the trial court holds a hearing and determines, inter alia, that disclosure is necessary to prevent manifest injustice and that the need to disclose outweighs the need to protect the confidentiality of mediation. When Lunka invoked R.C. 2317.023 and refused to answer any questions, the Stewarts moved to compel his deposition. Without holding the statutorily required hearing the respondent judge granted this motion. O'Donnell Construction appealed.
 {¶ 6} In O'Donnell Construction Company v. Stewart, Cuyahoga App. No. 86576, 2006-Ohio-1838, this court ruled that the trial judge abused her discretion in ordering the disclosure of the mediation communications, i.e., Lunka's deposition. This court reasoned: "R.C. 2317.023(C)(4) does not apply to this case. The plain language of R.C. 2317.023(C)(4) requires a hearing to determine whether the exception to confidentiality applies. There has been no hearing, nor a request for such a hearing in this case." 2006-Ohio-1838 at ¶ 16. The court concluded: "Accordingly, there is no authority to overcome the confidentiality requirement of R.C. 2317.023(B). Any and all communications made during the March 8, 2004 mediation are not subject to disclosure." 2006-Ohio-1838 at ¶ 21. Thus, the court affirmed in part, reversed in part and remanded.[2]
 {¶ 7} Upon remand the Stewarts endeavored to follow the statute and moved for a hearing under R.C. 2317.023(C)(4) to determine the admissibility of Lunka's communications during the mediation. The respondent judge then granted the motion and scheduled a hearing for September 21, 2006, and O'Donnell Construction the commenced this writ action to prohibit the hearing.
 Discussion of Law {¶ 8} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel.Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65,90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court ofCommon Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v. ColumbusMunicipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel.Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 andState ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387,668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown LocalSchool District Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel.Bradford v. Trumbull County Court, 64 Ohio St.3d 502, 1992-Ohio-116,597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott (1973),36 Ohio St.2d 127, 304 N.E.2d 382.
 {¶ 9} Under the law of the case doctrine, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v. Nolan (1984),11 Ohio St.3d 1, 462 N.E.2d 410, syllabus, and State ex rel. Potain v.Mathews (1979), 59 Ohio St.2d 29, 391 N.E.2d 343. Indeed, a trial court exceeds its jurisdiction by proceeding inconsistently from the mandate of the superior court, nor does the Ohio Constitution give a common pleas court jurisdiction to review a prior mandate of a court of appeals. State ex rel. Crandall, Pheils Wisniewski v. DeCessna,73 Ohio St.3d 180, 1995-Ohio-98, 652 N.E.2d 742, and State ex rel. TRW,Inc. V. Jaffe (1992), 78 Ohio App.3d 411, 604 N.E.2d 1376. Thus, prohibition may be an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of the superior court. Id.
 {¶ 10} Additionally, the doctrine precludes a litigant from attempting to rely on new arguments on retrial which could have been pursued in the first appeal. State ex rel. Baker v. State Personnel Board ofReview, 85 Ohio St.3d 640, 1999-Ohio-328, 710 N.E.2d 706, and City ofHubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402, 1996-Ohio-174,699 N.E.2d 781. The rule ensures consistency of results in a case, avoids endless litigation by settling issues and preserves the structure of superior and inferior courts as designed by the Ohio Constitution. However, the doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied to achieve unjust results.Nolan, 11 Ohio St.3d at 3.
 {¶ 11} O'Donnell Construction seizes on the language in this court's opinion that "R.C. 2317.023(C)(4) does not apply to this case" and "Any and all communications made during the March 8, 2004, mediation are not subject to disclosure" to assert that this court has permanently resolved the evidentiary issue of confidentiality. However, this court is not persuaded. The trial court's ruling allowing the deposition and testimony over the objection of confidentiality was a final, appealable order at that time. This court's ruling was that the trial court decision was wrong because under the then peculiar procedural posture of the case, the trial court had not conducted the statutorily required hearing. Without that hearing the presumption of confidentiality must be upheld and Lunka's testimony could not be probed. This court stopped considerably short of then explicitly, specifically ruling that a subsection (C)(4) hearing could not be held. Indeed, this court did not limit its remand. Thus, this court does not now conclude that the respondent judge is patently and unambiguously without jurisdiction to hold the hearing. Holding the hearing would advance the policy of deciding cases on their merits and possibly prevent unjust results. Moreover, O'Donnell Construction would still have a remedy at law, if necessary, through appeal to contest the trial judge's rulings. Cf.Baker; State ex rel. Smith v. O'Connor, 71 Ohio St.3d 660, 1995-Ohio-40,646 N.E.2d 1115; and State ex rel. Budget Inns of America v.Saffold (May 5, 1999), Cuyahoga App. No. 76364, in which the courts did not issue a writ of prohibition under the law of the case doctrine because the unlimited scope of the remand did not divest the trial court of jurisdiction.
 {¶ 12} Accordingly, this court grants the respondent's dispositive motion and denies the application for a writ of prohibition. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
[1] R.C. 2317.023 provided in pertinent part as follows:
(A) As used in this section:
(1) "Mediation" means a nonbinding process for the resolution of a dispute in which both of the following apply:
(a) A person who is not a party to the dispute serves as mediator to assist the parties to the dispute in negotiating contested issues.
(b) A court, administrative agency, not-for-profit community mediation provider, or other public body appoints the mediator or refers the dispute to the mediator, or the parties, engage the mediator.
(2) "Mediation communication" means a communication made in the course of and relating to the subject matter of a mediation.
(B) A mediation communication is confidential. Except as provided in division (C) of this section, no person shall disclose a mediation communication in a civil proceeding or in an administrative proceeding.
(C) Division (B) of this section does not apply in the following circumstances: * * *
(4) To the disclosure of a mediation communication if a court, after a hearing determines that the disclosure does not circumvent Evidence Rule 408, that the disclosure is necessary in the particular case to prevent a manifest injustice, and the necessity for disclosure is of sufficient magnitude to outweigh the importance of protecting the general requirement of confidentiality in mediation proceedings.
R.C. 2317.023 remained in effect until October 29, 2005, when it was repealed.
[2] This court upheld the trial court's decision protecting communications between the Stewarts and their former attorney.