MADISON SHIPPING CORPORATION

v.

NATIONAL MARITIME UNION, Seafarers International Union of North America, International Maritime Workers Union, Shannon J. Wall, James L. Martin, Joseph Curran, Joseph Algina, Konstantinos Gavriel, John Ioannis Kaklamanis, Adamantios Argyroudis, George Mandariakas, Antonios Lavdas and Konstantinos Karagiannis, Appellants.

No. 13166.

United States Court of Appeals
Third Circuit.

Argued June 7, 1960.

Decided Sept. 28, 1960.

Abraham E. Freedman, Philadelphia, Pa. (Marvin I. Barish, Freedman, Landy & Lorry, Philadelphia, Herman E. Cooper, H. Howard Ostrin, Cooper, Ostrin & DeVarco, Seymour Miller, Miller & Seeger, New York City, of counsel, on the brief), for appellants.

Richard H. Markowitz, Philadelphia, Pa., for Seafarers International Union of N. A., for petitioner.

Breck P. McAllister, New York City (Krusen, Evans & Shaw, Philadelphia, Pa., Eugene R. Lippman, New Hope, Pa., T. E. Byrne, Jr., Philadelphia, Pa., Donovan, Leisure, Newton & Irvine, George S. Leisure, Philip J. Loree, New York City, of counsel, on the brief), for appellee.

Before BIGGS, Chief Judge, and HASTIE and FORMAN, Circuit Judges.

BIGGS, Chief Judge.

The S.S. Madison Bell is a cargo vessel engaged in international commerce, registered and documented under the laws of the Republic of Liberia, and owned by the Madison Shipping Corporation, a Liberian corporation. The location of the

corporation's principal place of business and of the vessel's home port is a matter of dispute among the parties. It is stipulated, however, that at least 51% of the corporation's stockholders are American citizens.

The ship was built in the United States in 1944 and was operated in the American Merchant Marine until 1954. In that year it was transferred to Liberian Registry subject to conditions, imposed by the Maritime Administration pursuant to authority purportedly granted by Sections 808, 835, 876 and 1114, Title 46 U.S.C.A., and in accordance with its policy statement of November 5, 1956, 21 Fed. Reg. 8588 (1956), 46 C.F.R. 221 (Appendix). These requirements were that the vessel be available to assure adequate tonnage for United States needs in event of war or national emergency and that 51% or more of its ownership be vested in United States citizens. Under this arrangement the "Madison Bell" is available for requisition by the United States on the same basis that any vessel owned by a citizen of the United States would be as provided in Section 1242, Title 46 U.S.C.A.

Although not entirely clear, it appears that most of the Madison Bell's crew at the commencement of the events leading to the suit at bar were of foreign nationality, predominantly Greek, and were employed under a contract, stipulated by the parties thereto as governed by Greek law, between the ship and the Greek Pan-Hellenic Seamen's Union.

On or about January 12, 1960, the Madison Bell was prevented from completing the loading of a cargo of scrap iron in the Port of Philadelphia by the refusal of shore workers to cross a picket line surrounding the vessel. The Madison Shipping Corporation filed this civil action in the court below to enjoin the appellants, viz., the National Maritime Union, the Seafarer's International Union of North America, the International Maritime Worker's Union, various officers of those unions and certain crew members of the Madison Bell, from interfering with the loading and departure of the ship. Damages also were sought.

The complaint attempted to set out four separate theories of recovery.

First, an injunction and damages were requested on the ground that the appellants' conduct constituted a maritime tort under the federal general maritime law. Second, injunctive relief was prayed for on the theory that the appellants' acts were violative of the appellee's rights under the Treaty of Friendship, Navigation and Commerce made between the United States and the Republic of Liberia on August 8, 1938, 54 Stat. 1739. Jurisdiction of both of these claims was asserted to be pursuant to Sections 1331 and 1350 of Title 28 U.S.C.

Third, it was alleged that the appellants tortiously interfered wih the appellee's contractual relations in violation of the law of Pennsylvania. Injunctive relief and damages were prayed for, and jurisdiction was asserted to be pursuant to Sections 1332 and 1350, Title 28 U.S.C.

Last, an injunction and treble damages were sought on the ground that the appellants' conduct constituted a violation of Section 1 of the Sherman Act, 15 U.S.C.A. § 1. Jurisdiction to grant this relief was asserted to be pursuant to Section 1337, Title 28 U.S.C.

On January 16, 1960, the court below, after hearing the appellee's testimony, denied a motion by the appellants to dismiss the complaint and entered a temporary restraining order against them. The court found that the appellants appeared to be interfering illegally with interstate and foreign commerce and that the court had jurisdiction of the parties and the controversy. The court also found that the dispute at bar was between a foreign employer and a foreign crew operating under articles of agreement made under the laws of another nation and that therefore the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115, was inapplicable. The appellants appealed to this court on January 16, 1960, alleging that the district court's order, although styled a "temporary restraining order",

ordinarily not appealable, was in reality a preliminary injunction which is appealable. 28 U.S.C. § 1292(a) (1).

On January 22, 1960, this court, deeming the order to be a temporary restraining order, dismissed the appeal as "premature" the court being without jurisdiction to entertain it. 273 F.2d 955. After denying a defense motion made on January 22, 1960, to stay the temporary restraining order and to certify the applicability of the Norris-LaGuardia Act as a controlling question of law to this court under 28 U.S.C. § 1292(b), the court below held a further hearing on January 25, 1960. At this time the trial judge agreed to consider a renewed motion to dismiss the suit or to certify controlling questions of law to this court pursuant to 28 U.S.C. § 1292(b). On January 28, 1960, the court below refused to dismiss the action but certified to this court as controlling questions the existence of a cause of action and the jurisdiction of the court below to entertain that action and to enter an injunction. On February 17, 1960, this court authorized an appeal from the order of the court below of January 28, 1960. We did not specifically limit the issues to be presented to us on appeal, deeming, as was correct, that the only issue properly cognizable by this court at this stage of the litigation to be the right of the plaintiff to injunctive relief since any other issue has not yet been specifically adjudicated by the court below.

Between the date the appellants' briefs were filed and the date appellee's briefs were due in this court, the Supreme Court held in Marine Cooks & Stewards Union v. Panama S.S. Co., 1960, 362 U.S. 365, 80 S.Ct. 779, 4 L.Ed. 797, that a dispute arising out of the picketing of a vessel of foreign registry owned by foreign interests and manned by a foreign crew under foreign articles, by an American union protesting wage scales and working conditions was a "labor dispute" within the meaning of the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115.

Viewing the facts to be as alleged by appellee, the present case is controlled squarely by the Supreme Court's decision. Thus, it is clear that the district court was and is without jurisdiction to issue " * * * any * * * restraining order or temporary or permanent injunction" in this case. Counsel for Madison concedes as much. This determination disposes of appellee's requests for injunctive relief on all four of its theories of recovery and disposes completely of its claim based on the Treaty of Friendship, Commerce and Navigation since no right to damages is asserted with regard to that claim.

With respect to the remainder of appellee's complaint the appellants contend that the National Labor Relations Act, 29 U.S.C.A. § 141 et seq., applies to this controversy and that therefore the issues raised therein are cognizable only by the National Labor Relations Board. Alternatively, it is argued that the appellee's assertions of jurisdiction under Sections 1331, 1332, and 1350 of Title 28 U.S.C. are defective in that the particular requirements of those provisions have not been met. Appellee disputes these contentions but now requests that its claim for damages arising under the general maritime law be transferred from the "law side" of the district court to the "admiralty side", asserting jurisdiction pursuant to Section 1333 of Title 28 U.S. C. Alternatively, the appellee seems to ask that this claim be retained on the "law side" pursuant to Section 1350, Title 28 U.S.C. Finally, the appellants argue that even if the district court does have jurisdiction the complaint must be dismissed for failure to state a claim upon which relief can be granted.

Since this appeal was taken pursuant to Section 1292(b), Title 28 U.S.C., this court's review is limited to controlling questions of law as to which there is a substantial difference of opinion. See Milbert v. Bison Laboratories, Inc., 3 Cir. 1958, 260 F.2d 431. It is plain that many of the matters in dispute between the parties do not meet this test. As to any

remaining questions we are hampered severely by the incomplete state of the record and by the absence of findings of fact and conclusions of law by the district court. We therefore must remand this case to the court below for appropriate action.

The court below will be directed to vacate its orders of January 16 and January 28, 1960, and to dismiss that portion of the complaint which seeks injunctive relief and to pass upon the claims for damages as the facts and the law may require.