**Sylvia MOLITCH, Plaintiff-Appellant-Appellee,**

v.

**IRISH INTERNATIONAL AIRLINES, Defendant-Appellee-Appellant.**

**Nos. 205, 230, Dockets 34731, 35313.**

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1970.

Decided Dec. 29, 1970.

William P. Callahan, New York City (Martin N. Leaf, Leaf, Kurzman & Duell, New York City, on the brief), for plaintiff.

George N. Tompkins, Jr., New York City (Stephen J. Fearon, Thomas J. Whalen, Ronald E. Pace, Condon & Forsyth, New York City, on the brief), for defendant.

Before SMITH and HAYS, Circuit Judges, and LEVET, District Judge.*

HAYS, Circuit Judge:

Plaintiff sued below to recover $125,-000 in damages that she claims she sustained when she fell, or was dropped, down the exit ramp of one of defendant's planes at John F. Kennedy International Airport in New York. The flight on which plaintiff had traveled was operated by defendant pursuant to a charter agreement between defendant and Variety Clubs International, of which plaintiff was a member. The plane was owned and operated by defendant, and plaintiff paid for, and was issued, an individual passenger ticket. The accident on which plaintiff's claim is based occurred on May 8, 1966. Suit was not commenced until January 30, 1969, more than 2 years after the accident.

Defendant moved for summary judgment on the ground that the action was time barred by Article 29 of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000 (1939), T.S. No. 876 (hereinafter referred to as the Warsaw Convention). The district court, while holding that the Warsaw Convention was applicable to this action, held that the 2 year statute of limitations in Article 29 was not a bar because plaintiff's passenger ticket did not contain adequate notice of the applicability of the provision. The court therefore denied the motion for summary judgment. We reverse.

The order of the District Court certified two questions for immediate appeal pursuant to 28 U.S.C. § 1292(b) (1964). This court granted leave to appeal. Plaintiff appeals from the determination of the trial court that the Warsaw Convention applies to the international transportation of passengers on charter flights operated under aircraft charter agreements. Defendant appeals from the trial court's ruling that the 2 year statute of limitations in Article 29(1) of the Convention "exclude[s] or limit[s]" the carrier's liability within the meaning of Article 3(2) of the Convention and thus cannot be invoked to bar the action because of defendant's failure to provide adequate notice of the exclusion or limitation in the passenger ticket.

■ We agree with the trial court that the Warsaw Convention applies to the international transportation of passengers on charter flights. In explaining our reasons for doing so, we can add nothing to Judge Wisdom's illuminating opinion in Block v. Compagnie Nationale Air France, 386 F.2d 323 (5th Cir. 1967), cert. denied, 392 U.S. 905, 88 S. Ct. 2053, 20 L.Ed.2d 1363 (1968). See also Mertens v. Flying Tiger Line, 341 F.2d 851 (2d Cir.), cert. denied, 382 U. S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965).

■ We cannot agree, however, with the trial court's disposition of the issue involving the Convention's limitations provision. Article 29(1) provides for a two-year statute of limitations starting from "the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." It is undisputed that this suit was instituted after the two-year period had elapsed. However, if the limitation provision of Article 29(1) is not applicable, the action would be timely under New York law. N.Y.C.P.L.R. §§ 213, 214 (McKinney 1963 and McKinney Supp.1970).

Since, as we have held, the Warsaw Convention is generally applicable to

---

* Senior Judge of the Southern District of New York, sitting by designation.

plaintiff's flight, the statute of limitations provided by Article 29(1) will bar the action unless there is some other provision of the Convention which is at variance with that result. See United States v. Belmont, 301 U.S. 324, 331–332, 57 S.Ct. 758, 81 L.Ed. 1134 (1937). The pertinent part of Article 3(2) of the Convention reads as follows:

> " * * * if the carrier accepts a passenger without a passenger ticket having been delivered he shall not be entitled to avail himself of those provisions of this convention which exclude or limit his liability."

This court has interpreted this requirement to mean that not only must a passenger ticket be delivered, but the ticket must inform the passenger of limitations of liability contained in the Convention, Lisi v. Alitalia-Linee Aeree Italiane, S. p. A., 370 F.2d 508 (2d Cir. 1966), affirmed 390 U.S. 455, 88 S.Ct. 1193, 20 L.Ed.2d 27 (1968), by an equally divided court. The ticket issued to plaintiff in the instant case did not notify plaintiff of the two-year limitation. It is our view, however, that Article 29(1) is not a provision which "exclude[s] or limit[s] liability" within the meaning of Article 3(2). The Lisi case held only that Articles 20 and 22, which provide for limitations of the amount of damages recoverable against an airline under the Convention, are provisions excluding or limiting liability under Arti-

cle 3(2).[1]   *Id.* at 511 and n. 4. An extension of *Lisi* to cover Article 29(1) would be unwarranted. Its reasoning is not applicable to the instant situation. In *Lisi* the court said that its holding would give the passenger "the opportunity to purchase additional flight insurance or to take such other steps for his self-protection as he sees fit." 370 F.2d at 513. Notification of a two-year limit on bringing an action would have no such effect. A prospective passenger is unlikely to care about the length of the statute of limitations and it is difficult to conceive of any protective measures that he might take prior to boarding the plane were he notified of the limitation. Extension of the requirement of notice to the statute of limitations would be both meaningless and unjustified.

Plaintiff's contention that application of the Warsaw Convention in this manner is unconstitutional was not raised below nor was it certified to this court for review pursuant to 28 U.S.C. § 1292(b). It is therefore not properly before this court. Madison Shipping Corp. v. National Maritime Union, 282 F.2d 377, 379 (3d Cir. 1960). 7B Moore's Federal Practice § 1292 at JC–447 (1970).

The denial of defendant's motion for summary judgment is reversed and the case is remanded to the district court with instructions to enter summary judgment for the defendant.

---

1. See also Mertens v. Flying Tiger Line, Inc., 341 F.2d 851, 856–857 (2d Cir.), cert. denied, 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965). It has also been consistently held that Article 25 which provides that the "carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct" applies to the Articles of the Convention which exclude or limit monetary damages, namely Articles 20 and 22. See, e. g., Berner v. British Commonwealth Pacific Airlines, Ltd., 346 F.2d 532 (2d Cir. 1965), cert. denied, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966); Leroy v. Sabena Belgian World Airlines, 344 F.2d 266 (2d Cir.), cert. denied, 382 U.S. 878, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965); Grey v. American Airlines, Inc., 227 F.2d 282 (2d Cir. 1955), cert. denied, 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 855 (1956).