Essossimna **ADJOYI**, et al., Plaintiffs,

v.

**FEDERAL AIR (PTY) LTD.**, Defendant.

Nos. 00 CIV 4276 SHS–00 CIV 4279 SHS, 00 CIV 4281 SHS.

United States District Court, S.D. New York.

April 18, 2001.

Jeanine C. Driscoll, Peter Hoenig, Biedermann, Hoenig, Massamillo & Ruff, P.C., New York, NY, for Federal Air, Pty. Ltd.

## OPINION & ORDER

STEIN, District Judge.

These five wrongful death claims were brought after Federal Air flight 803 crashed in the country of Cote D'Ivoire in Africa on June 26, 1998. The five decedents—all United Nations employees—had been traveling on a United Nations charter flight in connection with African peacekeeping efforts. The complaint alleges that "Flight 803 had an itinerary which commenced in Angola, with intermediate stops in Gabon, Togo, the Ivory Coast and Burkina Faso," and was ultimately to return to Angola. (Compl. ¶ 31; *see also* Driscoll Aff., Exh. 2 (flight 803 manifest setting forth round trip itinerary from Angola with stops in Gabon, Togo, and Cote D'Ivoire).)

Federal Air (PTY) Ltd. has now moved to dismiss the complaints in these actions pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that the Court lacks subject matter jurisdiction. Defendant's motion is granted because the Warsaw Convention, which governs these actions, does not permit the claims to be brought in this Court.

For purposes of this motion to dismiss the complaints, the allegations in the complaints are to be treated as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern.*

*Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). In addition, because the motion challenges the subject matter jurisdiction of this Court, evidentiary matters outside the pleadings may be considered. *See Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).

## I. The Warsaw Convention Applies.

■ The Warsaw Convention, to which the United States adhered in 1934, creates an exclusive cause of action for wrongful death claims against airlines providing international transportation. *Convention for the Unification of Certain Rules Relating to International Transportation by Air,* Oct. 12, 1929, 49 Stat. 3000 (1934), 137 L.N.T.S. 11, *reprinted in* note following 49 U.S.C. § 40105; *see El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999); *In re Korean Air Lines Disaster,* 932 F.2d 1475, 1484 (D.C.Cir.1991); *see also Benjamins v. British European Airways,* 572 F.2d 913, 918–919 (2d Cir.1978); *Stanford v. Kuwait Airways Corp.,* 648 F.Supp. 657, 660 (S.D.N.Y.1986). Article 1(2) of the Warsaw Convention defines "international transportation" as follows:

> Any transportation in which, according to the contract made by the parties, the place of departure and the place of destination ... are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty ... of another power.

49 U.S.C. § 40105 note.

■ Thus, both passenger and carrier must agree that the carrier will transport the passenger from one country to another in order for the Warsaw Convention to be applicable to these claims. *See Block v. Compagnie Nationale Air France,* 386 F.2d 323, 330–31 (5th Cir.1967). Plaintiffs

assert, correctly, that the aircraft charter agreement between the U.N. and Federal Air is not a valid contract of carriage pursuant to the Warsaw Convention definition of "international transportation" because it does not state the required points of departure, destination, and stopping places, but rather gave the U.N. the right to select departures and destinations in the future. It is simply a time charter agreement, pursuant to which Federal Air agreed to provide two aircraft and crews to be used at the discretion of the U.N. on an as-needed basis.

Plaintiffs also correctly state that pursuant to Article 1(2), the Convention's scope is limited to those cases in which there is a contract of carriage pursuant to which the carrier has agreed to transport a passenger from one country to another along designated points and the passenger has agreed to be so transported. Plaintiffs contend that because Flight 803 was a charter flight—and Federal Air concedes that the passengers never possessed airline tickets evidencing an agreement by the passengers to the flight route—there is no "contract made by the parties" for international transportation pursuant to Article 1(2), and the Warsaw Convention thus does not apply. 49 U.S.C. § 40105 note.

■ However, the case law is clear that unticketed, non-fare paying travelers are still covered by the Convention, as long as there is at some point a "contract of carriage" consisting of "'a promise, an undertaking, on the part of the carrier to transport the passenger, and the consent of the passenger.'" *Sulewski v. Federal Express Corp.,* 933 F.2d 180, 183–84 (2d Cir.1991) (quoting *Block,* 386 F.2d at 333.) The Warsaw Convention has been held to apply to international charter flights even where the passengers did not purchase the carriage themselves and have not been issued tickets. *See Miceli v. MGM Grand Air,*

51 Cal.App.4th 702, 59 Cal.Rptr.2d 311 (1996); *Block*, 386 F.2d at 336, 353; *see also Molitch v. Irish International Airlines*, 436 F.2d 42, 43–44 (2d Cir.1970).

▮ First, there are no indications that the decedents were anything but consenting passengers. There are no allegations that they were taken upon the flight without their consent and any such claim would be ludicrous in the context of these actions. Nor are the decedents alleged to be Federal Air employees who were required to be on the flight. *See, e.g., Sulewski*, 933 F.2d at 184–85. The allegations, along with the flight manifest listing each of the decedents as passengers and the departure and destination locations, (Driscoll Aff., Exh. 2), leads the Court to the logical conclusion that the decedents had voluntarily agreed to take the flight with knowledge of its intended route. Second, by referring in the complaint to the specific "itinerary" of the flight, plaintiffs concede that the flight had fixed international departure and destination points and was not diverted from a intended domestic course.

The Warsaw Convention thus applies to the present dispute: Federal Air agreed to transport the passengers from one country to another, and the passengers at some undefined point prior to flight consented to that transport. *See, e.g., Block*, 386 F.2d at 330–31. The carriage contract provided for round-trip international transportation from Luanda, Angola, which is "within the territory of a single High Contracting Party" and there was "an agreed stopping place within a territory ... of another power," namely Cote D'Ivoire and Togo, both of which are contracting parties.

## II. There Is No Basis for Bringing these Actions in the United States Pursuant to the Warsaw Convention.

▮ Article 28(1) of the Convention provides that a wrongful death action that arises from international transportation can be brought only in one of four alternative fora: (1) where the carrier is domiciled; (2) where the carrier has its principal place of business; (3) where the carrier has a place of business through which the contract was made; or (4) the place where the transportation was to end, known technically as the "place of destination." 49 U.S.C. § 40105 note. It is well-established that there is no federal jurisdiction over a Warsaw Convention claim unless one of the specified fora is in the United States. *See Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 167 (2d Cir.1997); *In re Alleged Food Poisoning Incident, March, 1984*, 770 F.2d 3, 5 n. 2 (2d Cir.1985).

▮ It is uncontested that (i) Federal Air is incorporated under South African law and domiciled in South Africa, (ii) Federal Air maintains its principal place of business in South Africa, and (iii) the place of destination was Angola. Thus, the issue for resolution on this point is whether Federal Air "has a place of business through which the contract was made" in the United States. There is no evidence or allegation that Federal Air has a place of business in the United States, or any presence in the United States such as a ticketing agent, through which the decedents agreed upon the transportation. *See, e.g., Eck v. United Arab Airlines*, 360 F.2d 804, 814 (2d Cir.1966). Plaintiffs do not allege that the decedents' individual travel arrangements were even booked in the United States.

Federal Air states that the contract of transportation was issued by it in South Africa, while plaintiffs contend that the last act necessary to complete the making of the charter agreement at issue was the signature of the relevant U.N. official that was affixed in New York. (Cook Decl.,

Exhs. 6, 7). Plaintiffs essentially attempt to deem the United Nations to be the ticketing agent of Federal Air. However, as previously observed, the mutual consent requisite for a contract of carriage for purposes of the Warsaw Convention did not occur when Federal Air and the U.N. agreed upon the charter arrangement; rather, it occurred when the decedents consented to being transported on a set itinerary and Federal Air promised to transport them. *See Boyar v. Korean Air Lines,* 664 F.Supp. at 1484, 1487 (D.D.C. 1987). There has thus been no showing that Federal Air had a place of business in the United States through which the contract was made.

 Last, plaintiffs contend that Federal Air's conduct with respect to the U.N. in executing the Charter Agreement and the representations of fact made in that document estop Federal Air from denying that the United States is a permissible forum. However, subject matter jurisdiction can neither be waived nor created nor conferred by any determination of the parties. *See Republic of the Philippines v. Marcos,* 806 F.2d 344 (2d Cir.1986); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

Accordingly, Federal Air's motion to dismiss the complaints in these actions for lack of subject matter jurisdiction is granted.